[No. G042297. Fourth Dist., Div. Three. Nov. 17, 2010.]

PNEC CORPORATION, Plaintiff and Appellant, v.
GAIL L. MEYER, Defendant and Respondent.

---

**COUNSEL**

Robert W. Bollar for Plaintiff and Appellant.

Pivo, Halbreich, Martin, Wilson & Amo and Scott A. Martin for Defendant and Respondent.

OPINION

**IKOLA, J.**—The trial court awarded attorney fees to defendant Gail L. Meyer after she succeeded in moving to dismiss the action against her "on the ground of inconvenient forum." (Code Civ. Proc., § 418.10, subd. (a)(2).) Plaintiff PNEC Corporation (PNEC) appeals the postdismissal attorney fee award, claiming (1) a party is never entitled to contractual attorney fees under Civil Code section 1717 for successfully obtaining dismissal of an action on the ground of forum non conveniens; and (2) even if an attorney fee award is generally authorized in these circumstances, the amount awarded in this case ($21,677.25) was unreasonable because it included fees incurred working on aspects of the case other than forum non conveniens. We affirm the court's order.

## FACTS

In November 2008, PNEC filed a complaint against Meyer and other defendants (one corporation and two other individuals). PNEC alleged it provided defendants with "certain refined petroleum products" for which defendants failed to pay. The complaint included causes of action for breach of contract, open book account, account stated, goods sold and delivered, and breach of guaranty. Only the fifth cause of action, breach of guaranty, was alleged against Meyer and the other individual defendants.

The complaint attached a copy of a written guaranty of payment allegedly signed by Meyer. In relevant part, the document states: "The Customer and the undersigned agree that if the account is referred for collection to an attorney, the undersigned will pay reasonable attorney's fees and costs of collection."

Meyer's counsel made a special appearance to move to either (1) quash service of process on Meyer for lack of personal jurisdiction (Code Civ. Proc., § 418.10, subd. (a)(1)); or (2) stay or dismiss the action due to inconvenient forum (Code Civ. Proc., § 418.10, subd. (a)(2)). According to her declaration, Meyer resides in Tacoma, Washington, and has never lived, worked, or been involved in any legal proceeding in California. Meyer also attested she sold her ownership stake in the corporate defendant years earlier to the other individual defendants. The court granted the motion to dismiss on forum non conveniens grounds. The court entered judgment of dismissal without prejudice in March 2009. PNEC did not appeal the judgment of dismissal.[1]

---

[1] In its brief, PNEC disparages the court's underlying forum non conveniens dismissal. But the court's dismissal of the action is not before us. PNEC, by its own admission, did not file a timely notice of appeal with regard to the dismissal.

Meyer then filed a motion for attorney fees in the amount of $22,127.25. The court granted Meyer's motion for attorney fees, awarding $21,677.25. The court's rationale was set forth in its minute order: "The Court finds that defendant was the prevailing party on the contract for purposes of [Civil Code] section 1717. The decision in [*Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950 [76 Cal.Rptr.3d 396]] is deemed the controlling authority in this case. . . . Only 1.5 hours of the claimed total time is disallowed (the time spent researching Plaintiff's corporate status after the motion for forum non conveniens was granted.) Plaintiff cites no authority for its argument that Meyer should allocate the time spent on the forum non conveniens issue and the time spent on other work. The contract in question entitles Meyer to recover fees for the time reasonably spent in defending this action."

## DISCUSSION

█ PNEC appeals the court's order awarding attorney fees. As noted, the fee-shifting provision in the pertinent contract provides: "The Customer and the undersigned agree that if the account is referred for collection to an attorney, the undersigned will pay reasonable attorney's fees and costs of collection." The provision must be construed to provide for reciprocal recovery of attorney fees, notwithstanding the contractual language favoring only PNEC. (Civ. Code, § 1717, subd. (a) [indicating the prevailing party shall be entitled to fees "whether he or she is the party specified in the contract or not"].)

PNEC's primary contention is that a dismissal on forum non conveniens grounds (Code Civ. Proc., § 418.10, subd. (a)(2)) does not provide an adequate basis for deeming a defendant to be a "party prevailing on the contract" pursuant to Civil Code section 1717, subdivision (a). "We review a determination of the legal basis for an award of attorney fees de novo as a question of law." (*Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 828 [77 Cal.Rptr.3d 880].)

It does not appear that the precise question before us has been addressed in published California authority. However, in *Profit Concepts Managements Inc. v. Griffith, supra*, 162 Cal.App.4th at page 952 (*Profit Concepts*), this court held that a defendant who successfully moved to quash service for lack of personal jurisdiction (Code Civ. Proc., § 418.10, subd. (a)(1)) was the "party prevailing on the contract under Civil Code section 1717" and was "therefore entitled to recover his reasonable attorney fees as costs." (*Profit Concepts*, at p. 952.)

In reaching its holding, the *Profit Concepts* court relied principally on its interpretation of the language of Civil Code section 1717, which states: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section. [¶] (2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." (See *Profit Concepts, supra*, 162 Cal.App.4th at pp. 953–954.)[2]

Reading the language of Civil Code section 1717, and comparing such language to a prior version of Civil Code section 1717 applied in previous cases, *Profit Concepts* concluded that a defendant obtaining a dismissal of a contract claim for lack of personal jurisdiction is a prevailing party. (*Profit Concepts, supra*, 162 Cal.App.4th at p. 955.) *Profit Concepts* contrasted this result with a case in which a plaintiff voluntarily dismisses its case; Civil Code section 1717, subdivision (b)(2), plainly "provides there is no prevailing party for purposes of that section when the case is voluntarily dismissed, or dismissed pursuant to settlement." (*Profit Concepts, supra*, 162 Cal.App.4th at p. 955.)

*Profit Concepts* rejected the notion that a final judgment was required to obtain attorney fees under Civil Code section 1717; nothing in the current

---

[2] The *Profit Concepts* court also quoted Code of Civil Procedure section 1032, subdivision (a)(4), which defines "prevailing party" for the purpose of determining costs: " ' "Prevailing party" includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.' " (*Profit Concepts, supra*, 162 Cal.App.4th at p. 954.) It is unclear precisely what effect Code of Civil Procedure section 1032, subdivision (a)(4), had on the *Profit Concepts* court's analysis, as this section was not subsequently mentioned in the opinion. We recognize that the "prevailing party" inquiries under Civil Code section 1717 and Code of Civil Procedure section 1032 are distinct. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1335, fn. 3 [104 Cal.Rptr.3d 219, 223 P.3d 77] ["we reject the[] contention that we must construe section 1032(a)(4) in light of Civil Code section 1717"]; *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1142 [70 Cal.Rptr.2d 769] ["Courts have consistently held the prevailing party for the award of costs under [Code of Civil Procedure] section 1032 is not necessarily the prevailing party for the award of attorney's fees in contract actions under [Civil Code] section 1717."].)

version of the statute (as opposed to the pre-1981 version) indicates a final judgment is necessary. (*Profit Concepts, supra*, 162 Cal.App.4th at pp. 954–955.) *Profit Concepts* also rejected the argument that only "a determination on the 'merits' of the contract claim" can result in attorney fees for a prevailing party. (*Id.* at pp. 955–956.) "The case *in California* has been finally resolved. What was awarded on Profit Concepts's complaint? Zero. Thus, the contract claim was finally resolved within the meaning of *Hsu v. Abbara* [(1995) 9 Cal.4th 863 [39 Cal.Rptr.2d 824, 891 P.2d 804]], and that case does not use the term 'merits.' [¶] The determination of which party is the prevailing party must be made without consideration of whether the plaintiff may refile the action after a motion to quash service is granted. The issue of final resolution should not depend on the plaintiff's possible *future* conduct. Prevailing party attorney fees should be awarded based on the contract language, the statutory language, and the fact of dismissal of the case, not on speculation." (*Profit Concepts, supra*, 162 Cal.App.4th at p. 956.) The *Profit Concepts* court also found it to be inconsequential to its "prevailing party" adjudication in the California action that an action in Oklahoma had been filed to litigate the merits of the dispute. (*Ibid.*)

▮ Here, the court dismissed the action on forum non conveniens grounds rather than for lack of personal jurisdiction. PNEC claims this difference is determinative because forum non conveniens is not a jurisdictional concept, but is instead "an equitable doctrine invoking the discretionary power of a court to decline to exercise the jurisdiction it has over a transitory cause of action when it believes that the action may be more appropriately and justly tried elsewhere." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14].) But, like the trial court, we find the cogent statutory analysis set forth in *Profit Concepts* to apply equally to this case. ▮ If an action on a contract (here, the Meyer guaranty agreement) is *dismissed* for forum non conveniens, a court may award attorney fees to the moving party under Civil Code section 1717 if the contract provides for such fee shifting.[3]

At oral argument, PNEC made much of the fact that the trial court dismissed the case "without prejudice." But this aspect of the court's order merely recognized the case had not yet been decided on the merits and PNEC therefore would be able to file the case in the appropriate venue in Washington. (See Code Civ. Proc., § 581, subd. (h) ["The court may dismiss without prejudice the complaint in whole, or as to that defendant, when dismissal is made pursuant to Section 418.10."]; *Profit Concepts, supra*, 162 Cal.App.4th at p. 956 [despite dismissal, subsequent case pending in Okla. to determine merits].)

---

[3] As already noted, we are not presented with the question whether the court properly *dismissed* the case (rather than *staying* the action or denying the motion altogether).

This result is consistent with other cases awarding attorney fees even though the court did not reach a final, on-the-merits ruling on the contract claim. (*Turner v. Schultz* (2009) 175 Cal.App.4th 974, 976, 980–984 [96 Cal.Rptr.3d 659] [affirming attorney fees award to prevailing defendant in unsuccessful declaratory relief action filed by plaintiff to stay arbitration of contract claims]; *Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 799–800, 808 [70 Cal.Rptr.3d 434] [party defeating action brought solely to compel arbitration entitled to attorney fees as prevailing party; "the fact that the parties will probably pursue these claims in another action does not lessen Expressway's victory in this discrete legal proceeding"]; *Elms v. Builders Disbursements, Inc.* (1991) 232 Cal.App.3d 671, 672 [283 Cal.Rptr. 515] [defendant is prevailing party where dismissal based on plaintiff's failure to bring case to trial within five years].)

■ It is true that the language of the fee-shifting provision in the instant case differs from the contract provisions at issue in *Profit Concepts* and the other aforementioned cases. But this action was clearly part of PNEC's "collection" efforts, thereby triggering the attorney fee provision. (See *Turner v. Schultz, supra,* 175 Cal.App.4th at p. 980 ["Where an attorney fee clause provides for an award of fees incurred in enforcing the contract, the prevailing party is entitled to fees for any action 'on the contract,' whether incurred offensively or defensively."].) The provision at issue does not limit fee shifting to cases in which a court makes a determination on the merits of the contract claim; instead, it requires payment of the prevailing party's "reasonable attorney's fees and costs of collection." The provision is broad enough to encompass a fee award under the circumstances of this case.

The primary California case relied on by PNEC is distinguishable. (*Estate of Drummond* (2007) 149 Cal.App.4th 46, 53–54 [56 Cal.Rptr.3d 691] [affirming trial court's denial of attorney fees in case dismissed because "litigation on the contract in the probate department ended solely because it should have been brought in another department of the same court"; also noting "interim nature of appellants' success provided a sound basis for a discretionary finding that neither party prevailed on the contract"].) To the extent language in *Estate of Drummond* undermines the rationale of *Profit Concepts*, we reject the applicability of such language to the case before us. (See *Estate of Drummond, supra,* 149 Cal.App.4th at p. 53 ["The dismissal of his petition in the probate matter did not defeat his contract claims; it merely deflected or forestalled them. By achieving that result, appellants no more 'prevailed' than does a fleeing army that outruns a pursuing one. Living to fight another day may be a kind of success, and surely it is better than defeat. But as long as the war goes on, neither side can be said to have prevailed."].) Despite its colorful allusion to war, in *Estate of Drummond* it clearly

appeared that the party seeking an award of fees faced no obstacles in pursuing an award in a different department of the same court. But here, as in *Profit Concepts*, the "issue of final resolution should not depend on the plaintiff's possible *future* conduct." (*Profit Concepts, supra*, 162 Cal.App.4th at p. 956.) Whether this action would be filed in another state was speculative. The court thus did not abuse its discretion in making an award for the work done while the case was under its jurisdiction.

PNEC notes that several federal cases point toward a contrary result. (See *Dattner v. Conagra Foods, Inc.* (2d Cir. 2006) 458 F.3d 98, 102–104 [interpreting definition of "prevailing party" in Fed. Rules Civ.Proc., rule 54(d), 28 U.S.C., using federal cases; concluded dismissal on ground of forum non conveniens does not result in "prevailing party" entitled to costs]; see also *Advance Financial Resources, Inc. v. Cottage Health System, Inc.* (D.Or., Sept. 1, 2009, No. CV08-1084-KI) 2009 U.S.Dist. Lexis 79647 [no attorney fees after dismissal for lack of personal jurisdiction]; *N.R. v. San Ramon Valley Unified School Dist.* (N.D.Cal., July 6, 2006, No. C05-0441 SI) 2006 U.S.Dist. Lexis 47287 [no attorney fees after dismissal for lack of subject matter jurisdiction and failure to exhaust administrative remedies]; *Idea Place Corp. v. Fried* (N.D.Cal. 2005) 390 F.Supp.2d 903, 904–906 [no attorney fees after dismissal for lack of subject matter jurisdiction; "[i]n the Ninth Circuit . . . a defendant is not considered a 'prevailing party' when dismissal is mandated by a lack of subject matter jurisdiction"].)

These federal cases rest on the observation that a jurisdictional or inconvenient forum dismissal is not a final, on-the-merits resolution of a contract claim. But to rely on the rationale of these federal authorities in this case would be to disavow *Profit Concepts*—indeed, one of the cases applying Civil Code section 1717 explicitly criticized Profit Concepts. (*Advance Financial Resources, Inc. v. Cottage Health System, Inc., supra*, 2009 U.S.Dist. Lexis 79647 at p. *12 ["I find *Profit Concepts* unpersuasive and decline to follow it."].) We find *Profit Concepts* persuasive and opt to follow it.

We also reject PNEC's secondary argument (made without citation to any authority) that the court's award of attorney fees ($21,677.25) was unreasonable because the award was not limited to work performed solely on the forum non conveniens issue. An award of attorney fees is reviewed for abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [95 Cal.Rptr.2d 198, 997 P.2d 511].) The court based its award to Meyer on attorney fees incurred prior to the dismissal of the action. We see no indication in the record that the court abused its discretion.

## DISPOSITION

The trial court's order awarding attorney fees to Meyer is affirmed. Meyer shall recover her costs and attorney fees incurred on appeal.

Moore, Acting P. J., and Aronson, J., concurred.