# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00464-CV

**Lisa Laser USA, Inc. and Lisa Laser Products, oHG, Appellants**

**v.**

**HealthTronics, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. D-1-GN-08-004469, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

HealthTronics, Inc. ("HealthTronics") filed suit against Lisa Laser USA, Inc. and Lisa Laser Products, oHG (collectively, "Lisa Laser") for breach of contract and tortious interference with contract.[1]  The trial court issued an order dismissing the suit based on a mandatory forum-selection clause in the contract between the parties, but denied Lisa Laser's request for an award of attorneys' fees.  Lisa Laser now appeals the portion of the trial court's order denying its request for attorneys' fees.  We reverse the portion of the trial court's order denying attorneys' fees and remand for a determination of the amount of reasonable attorneys' fees incurred.

---

[1] In a related proceeding, the Texas Supreme Court explained that the designation "oHG" indicates the German equivalent of a general partnership.  *See In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 882 n.1 (Tex. 2010).

**BACKGROUND**

In December 2008, HealthTronics sued Lisa Laser in Travis County district court for breach of a distribution agreement in which HealthTronics was to serve as the exclusive U.S. distributor of certain surgical laser devices manufactured by Lisa Laser. HealthTronics alleged that Lisa Laser violated the contractual provision giving HealthTronics the right of first refusal for the sale and distribution of newly developed products. HealthTronics also brought a cause of action for tortious interference with contract, alleging that Lisa Laser had interfered with confidentiality and non-solicitation agreements between HealthTronics and its former employees.

Lisa Laser filed a motion to dismiss the suit, asserting that pursuant to the distribution agreement's forum-selection clause, the exclusive venue for disputes arising from the agreement was Alameda County, California. In response, HealthTronics argued that the forum-selection clause was inapplicable to the dispute at hand, as it was located in an addendum to the agreement that pertained only to certain sales transactions occurring between Lisa Laser USA, Inc. and HealthTronics. The trial court denied Lisa Laser's motion to dismiss.

Lisa Laser then filed a petition for writ of mandamus in this Court, seeking to compel the trial court to vacate its order and dismiss the suit pursuant to the mandatory forum-selection clause in the distribution agreement. This Court denied the petition, and Lisa Laser filed a petition for writ of mandamus in the Texas Supreme Court. *See In re Lisa Laser USA, Inc.*, 310 S.W.3d 880 (Tex. 2010). While the mandamus proceeding was pending in the supreme court, Lisa Laser filed an amended answer in the underlying suit, raising counterclaims against HealthTronics for fraud, breach of contract, negligent misrepresentation, "intentional interference with prospective economic

2

relationships," and deceptive business practices. According to Lisa Laser, HealthTronics had relied on its exclusivity agreement to purchase surgical laser devices from Lisa Laser at wholesale prices, but then had leased the devices to physicians and hospitals, rather than marketing and selling them as required by the contract.

In April 2010, the supreme court ruled in Lisa Laser's favor on the forum-selection clause and conditionally granted the petition for writ of mandamus. *See id.* at 887. Lisa Laser then filed a motion in the trial court, requesting that the case be dismissed pursuant to the order of the supreme court. Lisa Laser further requested an award of the attorneys' fees incurred in defending the suit in Texas and successfully obtaining mandamus relief, citing a contractual provision stating that the prevailing party in any legal action arising out of the distribution agreement would be entitled to recover attorneys' fees. Lisa Laser claimed that it had incurred approximately $117,000 in reasonable and necessary attorneys' fees. HealthTronics filed a response in opposition to the request, arguing that Lisa Laser was not entitled to attorneys' fees based on the dismissal of the Texas suit because the merits of the parties' dispute had not yet been resolved. HealthTronics further asserted that during the pendency of the Texas suit, Lisa Laser had filed suit in Alameda County, California, and that the same claims and causes of action at issue in the Texas suit were currently pending in the California suit.

The trial court issued an order dismissing the suit pursuant to the mandate of the Texas Supreme Court, "without prejudice to the parties' ability to file and pursue such claims and causes of action in the presiding courts of Alameda County, California." The trial court's order

3

further denied Lisa Laser's request for attorneys' fees, "without prejudice to either party's ability to recover such fees in the California proceeding." This appeal followed.

## STANDARD OF REVIEW

Because the distribution agreement at issue here contains a choice-of-law provision, the parties agree that California law applies to the question of whether Lisa Laser is entitled to recover attorneys' fees under the contract. *See Fairmont Supply Co. v. Hooks Indus., Inc.*, 177 S.W.3d 529, 536 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that award of attorneys' fees under contract was governed by law of jurisdiction designated in contract's choice-of-law provision).

Lisa Laser seeks attorneys' fees pursuant to a California statutory provision permitting the prevailing party in an action on a contract to recover attorneys' fees if the contract provides for such an award. *See* Cal. Civ. Code § 1717. The availability of attorneys' fees under a particular statute is a question of law that we review de novo. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999); *Colonial Am. Cas. & Sur. Co. v. Scherer*, 214 S.W.3d 725, 729 (Tex. App.—Austin 2007, no pet.).

## DISCUSSION

In a single issue on appeal, Lisa Laser argues that the trial court erred in determining that it was not entitled to an award of attorneys' fees because the merits of the parties' dispute had not yet been resolved. Lisa Laser requested attorneys' fees pursuant to the following provision in the distribution agreement between the parties:

4

The prevailing party in any legal action brought by one party against another party and arising out of this Agreement shall be entitled, in addition to any other rights and remedies it may have, to reimbursement for its expenses, including court costs and reasonable attorneys' fees.

Under California law, parties may contractually provide for awards of attorneys' fees to the prevailing party in litigation arising out of the contract. *See* Cal. Civ. Code § 1717. Specifically, California Civil Code section 1717 provides, in relevant part:

(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

. . . .

(b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.

*Id.*

Lisa Laser takes the position that because it prevailed on its mandamus action in the Texas Supreme Court and obtained a dismissal of the Texas suit, it is entitled to recover attorneys' fees as a prevailing party in a dispute arising out of the contract. HealthTronics, on the other hand,

argues that because the same claims and causes of action remain pending in California, Lisa Laser has not yet prevailed on any ultimate issue or claim in this dispute.

Under the plain language of section 1717, a suit need not proceed to final judgment in order for the court to determine a prevailing party for purposes of a contractual attorneys' fee award. *Id.* § 1717(b)(1). The statute further provides that in the event of a voluntary dismissal or dismissal pursuant to settlement, no party can be considered a "prevailing party" on the contract. *Id.* § 1717(b)(2). The statute does not, however, specifically address the situation presented here, where a party has successfully obtained a dismissal based on an improper forum, but the same substantive issues remain pending in another suit, filed in the proper forum.

The California Supreme Court has described the "prevailing party" determination for purposes of section 1717 as follows:

> [I]n deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.

*Hsu v. Abbara*, 891 P.2d 804, 813 (Cal. 1995) (internal quotation marks and citation omitted). HealthTronics emphasizes the statement that a prevailing party determination is to be made "only upon final resolution of the contract claims," arguing that this language bars Lisa Laser from recovering attorneys' fees incurred in the Texas proceeding until the merits of the contract dispute have been resolved in the California proceeding.

6

In *Hsu*, however, there was no question that the contract claims at issue had been fully resolved, as the defendant had obtained "a simple, unqualified victory by defeating the only contract claim in the action." *Id.* Thus, the issue of whether a party successfully obtaining a dismissal on procedural grounds might be entitled to attorneys' fees as a prevailing party under section 1717 was not actually decided in *Hsu*. *See Santisas v. Goodin*, 951 P.2d 399, 413 (Cal. 1998) ("An appellate decision is not authority for everything said in the court's opinion but only for the points actually involved and actually decided." (internal quotation marks and citation omitted)). Because the California Supreme Court has not expressly addressed the prevailing party determination in the context of a factual situation like the one at issue here, we turn to the decisions of the California intermediate courts of appeals applying civil code section 1717.[2]

In support of its contention that Lisa Laser is not entitled to attorneys' fees as a prevailing party, HealthTronics relies on *In re Estate of Drummond*, 56 Cal. Rptr. 3d 691 (Ct. App. 2007). In that case, a group of family members hired an attorney to represent them in a will contest. *Id.* at 692. A dispute eventually arose, leading the Drummond family to file a civil action against their now-former attorney for fraud. *Id.* at 693. The attorney then filed a petition in the probate department, seeking to recover fees that he alleged were owed to him by the Drummonds. *Id.* at 692.

---

[2] California court of appeals opinions are equally binding precedent for trial courts throughout the state. *See* Meehan Rasch, *California's Dueling Harmless Error Standards: Approaches to Federal Constitutional Error in Civil Proceedings and Establishing the Proper Test for Dependency*, 35 W. St. U. L. Rev. 433, 464 n.7 (2008) ("The California Courts of Appeal are divided into six appellate districts, which contain a total of nineteen different divisions, each of whose opinions constitute equally final and binding precedent for all courts throughout the state, not only on those within the district."). As a result, precedent from any one appellate district will not weigh more heavily in our analysis than precedent from any other district.

7

The probate court granted the attorney's petition, consolidated it with the civil action, and entered judgment awarding damages in favor of the attorney. *Id.* at 693. The Drummonds appealed, and in an unpublished opinion, the court of appeals determined that the attorney's claim for fees should have been raised as a cross-complaint in the civil action, rather than in a petition for fees in the probate department. *Id.* On that basis, the court of appeals directed the probate court to dismiss the petition and to take no further action on the Drummonds' claims. *Id.* When the case was remanded to the probate court for dismissal, the Drummonds sought to recover the attorney's fees they incurred in obtaining a dismissal of the petition for fees, citing a provision in their legal services contract that allowed for the recovery of fees by the prevailing party in an action on the contract. *Id.* The attorney objected, arguing that the dismissal of his petition in the probate court was merely a procedural victory, and that the Drummonds were not prevailing parties for purposes of section 1717 because the substantive issues related to the underlying legal services contract remained pending in the civil action. *Id.* The court of appeals agreed, stating:

> [L]itigation on the contract in the probate department ended solely because it should have been brought in another department of the same court. Nothing prohibited [the attorney] from taking up his claims in the other department; indeed he did so, and has now recovered a judgment against appellants. The dismissal of his petition in the probate matter did not defeat his contract claims; it merely deflected or forestalled them. By achieving that result, appellants no more "prevailed" than does a fleeing army that outruns a pursuing one. Living to fight another day may be a kind of success, and surely it is better than defeat. But as long as the war goes on, neither side can be said to have prevailed.

*Id.* at 696. The court further noted that the Drummonds "have at no time won a victory 'on the contract.' They have only succeeded at moving a determination on the merits from one forum to another." *Id.*

Here, too, Lisa Laser has succeeded in moving a determination on the merits from one forum to another, as the Texas proceeding has been dismissed and the California proceeding remains pending. This case differs from *Drummond*, however, in that the dispute here was not moved to "another department of the same court," *id.*, but wholly dismissed from this State's jurisdiction. As far as Texas is concerned, Lisa Laser has not merely obtained an interim victory, but a dismissal of the entire case. While HealthTronics argues that this distinction is insignificant, a recent California court of appeals case considered *Drummond* to be distinguishable on those grounds. *See PNEC Corp. v. Meyer*, 118 Cal. Rptr. 3d 730, 735 (Ct. App. 2010). In *Meyer*, the court held that a party who obtained a dismissal of a lawsuit on forum non conveniens grounds could recover contractual attorneys' fees under section 1717, despite the opposing party's argument that fees were unavailable because the dismissal was without prejudice to refiling in another state. *Id.* at 734-35. The court found the language of *Drummond* to be inapplicable to the case at hand, stating that "the party seeking an award of fees [in *Drummond*] faced no obstacles in pursuing an award in a different department of the same court." *Id.* at 735. The court went on to hold that even though the suit could be refiled in the state of Washington, the trial court did not err in awarding contractual attorneys' fees pursuant to section 1717 "for the work done while the case was under its jurisdiction." *Id.* at 735-36.

The issue of a dismissal in one state while the same claims were pending in another state was specifically addressed in *Profit Concepts Mgmt., Inc. v. Griffith*, 76 Cal. Rptr. 3d 396, 397

9

(Ct. App. 2008), in which the court of appeals held that where the trial court granted a motion to quash service for lack of personal jurisdiction, Griffith, the party who filed the motion, could recover contractual attorneys' fees as a prevailing party under section 1717. The opposing party argued, as HealthTronics does here, that Griffith could not be considered a prevailing party because the merits of the underlying contract claim remained pending in another proceeding in a different state. *Id.* at 400. The court of appeals rejected this argument, stating:

> The only claims before the trial court were contained in Profit Concept's complaint, which sought compensatory and punitive damages in an amount to be determined, as well as preliminary and permanent injunctive relief. The case *in California* has been finally resolved. What was awarded on Profit Concepts's complaint? Zero. Thus, the contract claim was finally resolved within the meaning of *Hsu v. Abbara*, and that case does not use the term "merits."
>
> . . . .
>
> Profit Concepts initiated an action in Oklahoma on April 4, 2007, seeking compensatory damages, punitive damages, and preliminary and permanent injunctive relief. Profit Concepts suggests that because the case in Oklahoma is pending, the case in toto has not been finally resolved. We find nothing in the language of the statute or of *Hsu v. Abbara*, or any other case, that requires resolution in another state on the merits of a contract claim first asserted in California before a prevailing party can be determined here, when the matter has been completely resolved vis-à-vis the California courts.

*Id.*

The factual circumstances presented here are much closer to those of *Profit Concepts* than *Drummond*. While Lisa Laser may have filed a new suit in California, the case in Texas has been completely and finally resolved. Lisa Laser's "litigation objectives" in Texas were limited to obtaining a dismissal of the entire proceeding, an objective that was achieved when the trial court entered its order of dismissal. *See Hsu*, 891 P.2d at 813.

10

Based on our review of the relevant California authorities, we conclude that the trial court erred in denying Lisa Laser's request for attorneys' fees on the ground that it did not qualify as a prevailing party under section 1717. *See* Cal. Civ. Code § 1717. We sustain Lisa Laser's issue on appeal.

## CONCLUSION

We reverse the portion of the trial court's order denying Lisa Laser's request for attorneys' fees and remand for a determination of the amount of reasonable attorneys' fees to which Lisa Laser is entitled.

_____

Diane M. Henson, Justice

Before Justices Pemberton, Henson and Goodwin

Affirmed in part; Reversed and Remanded in part

Filed:   March 31, 2011

11