TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00464-CV






Lisa Laser USA, Inc. and Lisa Laser Products, oHG, Appellants


v.


HealthTronics, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. D-1-GN-08-004469, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 HealthTronics, Inc. ("HealthTronics") filed suit against Lisa Laser USA, Inc. and Lisa
Laser Products, oHG (collectively, "Lisa Laser") for breach of contract and tortious interference with
contract. (1) The trial court issued an order dismissing the suit based on a mandatory forum-selection
clause in the contract between the parties, but denied Lisa Laser's request for an award of attorneys'
fees. Lisa Laser now appeals the portion of the trial court's order denying its request for attorneys'
fees. We reverse the portion of the trial court's order denying attorneys' fees and remand for a
determination of the amount of reasonable attorneys' fees incurred.



BACKGROUND

 In December 2008, HealthTronics sued Lisa Laser in Travis County district court for
breach of a distribution agreement in which HealthTronics was to serve as the exclusive U.S.
distributor of certain surgical laser devices manufactured by Lisa Laser. HealthTronics alleged that
Lisa Laser violated the contractual provision giving HealthTronics the right of first refusal for the
sale and distribution of newly developed products. HealthTronics also brought a cause of action for
tortious interference with contract, alleging that Lisa Laser had interfered with confidentiality and
non-solicitation agreements between HealthTronics and its former employees.

 Lisa Laser filed a motion to dismiss the suit, asserting that pursuant to the distribution
agreement's forum-selection clause, the exclusive venue for disputes arising from the agreement was
Alameda County, California. In response, HealthTronics argued that the forum-selection clause was
inapplicable to the dispute at hand, as it was located in an addendum to the agreement that pertained
only to certain sales transactions occurring between Lisa Laser USA, Inc. and HealthTronics. The
trial court denied Lisa Laser's motion to dismiss. 

 Lisa Laser then filed a petition for writ of mandamus in this Court, seeking to compel
the trial court to vacate its order and dismiss the suit pursuant to the mandatory forum-selection
clause in the distribution agreement. This Court denied the petition, and Lisa Laser filed a petition
for writ of mandamus in the Texas Supreme Court. See In re Lisa Laser USA, Inc., 310 S.W.3d 880
(Tex. 2010). While the mandamus proceeding was pending in the supreme court, Lisa Laser filed
an amended answer in the underlying suit, raising counterclaims against HealthTronics for fraud,
breach of contract, negligent misrepresentation,"intentional interference with prospective economic
relationships," and deceptive business practices. According to Lisa Laser, HealthTronics had relied
on its exclusivity agreement to purchase surgical laser devices from Lisa Laser at wholesale prices,
but then had leased the devices to physicians and hospitals, rather than marketing and selling them
as required by the contract.

 In April 2010, the supreme court ruled in Lisa Laser's favor on the forum-selection
clause and conditionally granted the petition for writ of mandamus. See id. at 887. Lisa Laser then
filed a motion in the trial court, requesting that the case be dismissed pursuant to the order of the
supreme court. Lisa Laser further requested an award of the attorneys' fees incurred in defending
the suit in Texas and successfully obtaining mandamus relief, citing a contractual provision stating
that the prevailing party in any legal action arising out of the distribution agreement would be
entitled to recover attorneys' fees. Lisa Laser claimed that it had incurred approximately $117,000
in reasonable and necessary attorneys' fees. HealthTronics filed a response in opposition to the
request, arguing that Lisa Laser was not entitled to attorneys' fees based on the dismissal of the
Texas suit because the merits of the parties' dispute had not yet been resolved. HealthTronics further
asserted that during the pendency of the Texas suit, Lisa Laser had filed suit in Alameda County,
California, and that the same claims and causes of action at issue in the Texas suit were currently
pending in the California suit.

 The trial court issued an order dismissing the suit pursuant to the mandate of the
Texas Supreme Court, "without prejudice to the parties' ability to file and pursue such claims and
causes of action in the presiding courts of Alameda County, California." The trial court's order
further denied Lisa Laser's request for attorneys' fees, "without prejudice to either party's ability to
recover such fees in the California proceeding." This appeal followed.


STANDARD OF REVIEW Because the distribution agreement at issue here contains a choice-of-law provision,
the parties agree that California law applies to the question of whether Lisa Laser is entitled to
recover attorneys' fees under the contract. See Fairmont Supply Co. v. Hooks Indus., Inc.,
177 S.W.3d 529, 536 (Tex. App.--Houston [1st Dist.] 2005, pet. denied) (holding that award of
attorneys' fees under contract was governed by law of jurisdiction designated in contract's choice-of-law provision). 

 Lisa Laser seeks attorneys' fees pursuant to a California statutory provision permitting
the prevailing party in an action on a contract to recover attorneys' fees if the contract provides for
such an award. See Cal. Civ. Code § 1717. The availability of attorneys' fees under a particular
statute is a question of law that we review de novo. See Holland v. Wal-Mart Stores, Inc., 1 S.W.3d
91, 94 (Tex. 1999); Colonial Am. Cas. & Sur. Co. v. Scherer, 214 S.W.3d 725, 729
(Tex. App.--Austin 2007, no pet.). 


DISCUSSION

 In a single issue on appeal, Lisa Laser argues that the trial court erred in determining
that it was not entitled to an award of attorneys' fees because the merits of the parties' dispute had
not yet been resolved. Lisa Laser requested attorneys' fees pursuant to the following provision in
the distribution agreement between the parties:


The prevailing party in any legal action brought by one party against another party
and arising out of this Agreement shall be entitled, in addition to any other rights and
remedies it may have, to reimbursement for its expenses, including court costs and
reasonable attorneys' fees.


Under California law, parties may contractually provide for awards of attorneys' fees to the
prevailing party in litigation arising out of the contract. See Cal. Civ. Code § 1717. Specifically,
California Civil Code section 1717 provides, in relevant part:


(a) In any action on a contract, where the contract specifically provides that attorney's
fees and costs, which are incurred to enforce that contract, shall be awarded either to
one of the parties or to the prevailing party, then the party who is determined to be
the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees
in addition to other costs. 


. . . . 


(b)(1) The court, upon notice and motion by a party, shall determine who is the party
prevailing on the contract for purposes of this section, whether or not the suit
proceeds to final judgment. Except as provided in paragraph (2), the party prevailing
on the contract shall be the party who recovered a greater relief in the action on the
contract. The court may also determine that there is no party prevailing on the
contract for purposes of this section.


(2) Where an action has been voluntarily dismissed or dismissed pursuant to a
settlement of the case, there shall be no prevailing party for purposes of this section.


Id.

 Lisa Laser takes the position that because it prevailed on its mandamus action in the
Texas Supreme Court and obtained a dismissal of the Texas suit, it is entitled to recover attorneys'
fees as a prevailing party in a dispute arising out of the contract. HealthTronics, on the other hand,
argues that because the same claims and causes of action remain pending in California, Lisa Laser
has not yet prevailed on any ultimate issue or claim in this dispute. 

 Under the plain language of section 1717, a suit need not proceed to final judgment
in order for the court to determine a prevailing party for purposes of a contractual attorneys' fee
award. Id. § 1717(b)(1). The statute further provides that in the event of a voluntary dismissal or
dismissal pursuant to settlement, no party can be considered a "prevailing party" on the contract. 
Id. § 1717(b)(2). The statute does not, however, specifically address the situation presented here,
where a party has successfully obtained a dismissal based on an improper forum, but the same
substantive issues remain pending in another suit, filed in the proper forum.

 The California Supreme Court has described the "prevailing party" determination for
purposes of section 1717 as follows:


[I]n deciding whether there is a "party prevailing on the contract," the trial court is
to compare the relief awarded on the contract claim or claims with the parties'
demands on those same claims and their litigation objectives as disclosed by the
pleadings, trial briefs, opening statements, and similar sources. The prevailing party
determination is to be made only upon final resolution of the contract claims and only
by a comparison of the extent to which each party ha[s] succeeded and failed to
succeed in its contentions.



Hsu v. Abbara, 891 P.2d 804, 813 (Cal. 1995) (internal quotation marks and citation omitted). 
HealthTronics emphasizes the statement that a prevailing party determination is to be made "only
upon final resolution of the contract claims," arguing that this language bars Lisa Laser from
recovering attorneys' fees incurred in the Texas proceeding until the merits of the contract dispute
have been resolved in the California proceeding.

 In Hsu, however, there was no question that the contract claims at issue had been fully
resolved, as the defendant had obtained "a simple, unqualified victory by defeating the only contract
claim in the action." Id. Thus, the issue of whether a party successfully obtaining a dismissal on
procedural grounds might be entitled to attorneys' fees as a prevailing party under section 1717 was
not actually decided in Hsu. See Santisas v. Goodin, 951 P.2d 399, 413 (Cal. 1998) ("An appellate
decision is not authority for everything said in the court's opinion but only for the points actually
involved and actually decided." (internal quotation marks and citation omitted)). Because the
California Supreme Court has not expressly addressed the prevailing party determination in the
context of a factual situation like the one at issue here, we turn to the decisions of the California
intermediate courts of appeals applying civil code section 1717. (2)

 In support of its contention that Lisa Laser is not entitled to attorneys' fees as a
prevailing party, HealthTronics relies on In re Estate of Drummond, 56 Cal. Rptr. 3d 691 (Ct. App.
2007). In that case, a group of family members hired an attorney to represent them in a will contest. 
Id. at 692. A dispute eventually arose, leading the Drummond family to file a civil action against
their now-former attorney for fraud. Id. at 693. The attorney then filed a petition in the probate
department, seeking to recover fees that he alleged were owed to him by the Drummonds. Id. at 692. 
The probate court granted the attorney's petition, consolidated it with the civil action, and entered
judgment awarding damages in favor of the attorney. Id. at 693. The Drummonds appealed, and in
an unpublished opinion, the court of appeals determined that the attorney's claim for fees should
have been raised as a cross-complaint in the civil action, rather than in a petition for fees in the
probate department. Id. On that basis, the court of appeals directed the probate court to dismiss the
petition and to take no further action on the Drummonds' claims. Id. When the case was remanded
to the probate court for dismissal, the Drummonds sought to recover the attorney's fees they incurred
in obtaining a dismissal of the petition for fees, citing a provision in their legal services contract that
allowed for the recovery of fees by the prevailing party in an action on the contract. Id. The attorney
objected, arguing that the dismissal of his petition in the probate court was merely a procedural
victory, and that the Drummonds were not prevailing parties for purposes of section 1717 because
the substantive issues related to the underlying legal services contract remained pending in the civil
action. Id. The court of appeals agreed, stating:


[L]itigation on the contract in the probate department ended solely because it should
have been brought in another department of the same court. Nothing prohibited [the
attorney] from taking up his claims in the other department; indeed he did so, and has
now recovered a judgment against appellants. The dismissal of his petition in the
probate matter did not defeat his contract claims; it merely deflected or forestalled
them. By achieving that result, appellants no more "prevailed" than does a fleeing
army that outruns a pursuing one. Living to fight another day may be a kind of
success, and surely it is better than defeat. But as long as the war goes on, neither
side can be said to have prevailed.


Id. at 696. The court further noted that the Drummonds "have at no time won a victory 'on the
contract.' They have only succeeded at moving a determination on the merits from one forum to
another." Id. 

 Here, too, Lisa Laser has succeeded in moving a determination on the merits from one
forum to another, as the Texas proceeding has been dismissed and the California proceeding remains
pending. This case differs from Drummond, however, in that the dispute here was not moved to
"another department of the same court," id., but wholly dismissed from this State's jurisdiction. As
far as Texas is concerned, Lisa Laser has not merely obtained an interim victory, but a dismissal of
the entire case. While HealthTronics argues that this distinction is insignificant, a recent California
court of appeals case considered Drummond to be distinguishable on those grounds. See PNEC
Corp. v. Meyer, 118 Cal. Rptr. 3d 730, 735 (Ct. App. 2010). In Meyer, the court held that a party
who obtained a dismissal of a lawsuit on forum non conveniens grounds could recover contractual
attorneys' fees under section 1717, despite the opposing party's argument that fees were unavailable
because the dismissal was without prejudice to refiling in another state. Id. at 734-35. The court
found the language of Drummond to be inapplicable to the case at hand, stating that "the party
seeking an award of fees [in Drummond] faced no obstacles in pursuing an award in a different
department of the same court." Id. at 735. The court went on to hold that even though the suit could
be refiled in the state of Washington, the trial court did not err in awarding contractual attorneys'
fees pursuant to section 1717 "for the work done while the case was under its jurisdiction." Id. at
735-36.

 The issue of a dismissal in one state while the same claims were pending in another
state was specifically addressed in Profit Concepts Mgmt., Inc. v. Griffith, 76 Cal. Rptr. 3d 396, 397
(Ct. App. 2008), in which the court of appeals held that where the trial court granted a motion to
quash service for lack of personal jurisdiction, Griffith, the party who filed the motion, could recover
contractual attorneys' fees as a prevailing party under section 1717. The opposing party argued, as
HealthTronics does here, that Griffith could not be considered a prevailing party because the merits
of the underlying contract claim remained pending in another proceeding in a different state. Id. at
400. The court of appeals rejected this argument, stating:


The only claims before the trial court were contained in Profit Concept's complaint,
which sought compensatory and punitive damages in an amount to be determined,
as well as preliminary and permanent injunctive relief. The case in California has
been finally resolved. What was awarded on Profit Concepts's complaint? Zero. 
Thus, the contract claim was finally resolved within the meaning of Hsu v. Abbara,
and that case does not use the term "merits."


. . . .


Profit Concepts initiated an action in Oklahoma on April 4, 2007, seeking
compensatory damages, punitive damages, and preliminary and permanent injunctive
relief. Profit Concepts suggests that because the case in Oklahoma is pending, the
case in toto has not been finally resolved. We find nothing in the language of the
statute or of Hsu v. Abbara, or any other case, that requires resolution in another state
on the merits of a contract claim first asserted in California before a prevailing party
can be determined here, when the matter has been completely resolved vis-à-vis the
California courts.


Id.

 The factual circumstances presented here are much closer to those of Profit Concepts
than Drummond. While Lisa Laser may have filed a new suit in California, the case in Texas has
been completely and finally resolved. Lisa Laser's "litigation objectives" in Texas were limited to
obtaining a dismissal of the entire proceeding, an objective that was achieved when the trial court
entered its order of dismissal. See Hsu, 891 P.2d at 813.

 Based on our review of the relevant California authorities, we conclude that the trial
court erred in denying Lisa Laser's request for attorneys' fees on the ground that it did not qualify
as a prevailing party under section 1717. See Cal. Civ. Code § 1717. We sustain Lisa Laser's issue
on appeal.


CONCLUSION

 We reverse the portion of the trial court's order denying Lisa Laser's request for
attorneys' fees and remand for a determination of the amount of reasonable attorneys' fees to which
Lisa Laser is entitled.



___________________________________________

 Diane M. Henson, Justice

Before Justices Pemberton, Henson and Goodwin

Affirmed in part; Reversed and Remanded in part

Filed: March 31, 2011

 

1. In a related proceeding, the Texas Supreme Court explained that the designation "oHG"
indicates the German equivalent of a general partnership. See In re Lisa Laser USA, Inc.,
310 S.W.3d 880, 882 n.1 (Tex. 2010).
2. California court of appeals opinions are equally binding precedent for trial courts
throughout the state. See Meehan Rasch, California's Dueling Harmless Error Standards:
Approaches to Federal Constitutional Error in Civil Proceedings and Establishing the Proper Test
for Dependency, 35 W. St. U. L. Rev. 433, 464 n.7 (2008) ("The California Courts of Appeal are
divided into six appellate districts, which contain a total of nineteen different divisions, each of
whose opinions constitute equally final and binding precedent for all courts throughout the state, not
only on those within the district."). As a result, precedent from any one appellate district will not
weigh more heavily in our analysis than precedent from any other district.