[Civ. No. 67088. Second Dist., Div. Four. Apr. 18, 1983.]

NORMAN H. COLE et al., Plaintiffs and Respondents, v.
BT & G, INC., et al., Defendants and Appellants.

COUNSEL

Baltaxe, Rutkin & Levin and Arnold Levin for Defendants and Appellants.

Spiegelman & Edwards and Barry R. Edwards for Plaintiffs and Respondents.

OPINION

**WOODS, P. J.**—Defendants appeal from an order denying their motion for award of attorney's fees after judgment. We reverse.

In March 1980, plaintiffs and defendants entered into a contract for the sale of stock. The contract was supported by a promissory note for approximately $462,000, a guarantee and a confession of judgment. In October 1980, defendants having defaulted on the promissory note, the confession of judgment was filed in the superior court. Judgment was entered thereon, and a writ of execution was obtained against defendants.

When plaintiffs attempted to levy against defendants' assets, defendants obtained a temporary restraining order and moved to vacate the judgment and to recall and quash the writs of execution. After a hearing, defendants' motion was granted, with the following order: "The Court grants the motion of each defendant to vacate judgment, quash writ of execution and recall levy. [¶] The Court finds that the confession of judgment, when signed, did not comply with the provisions of CCP 1133, per *Isbell* v. *County of Sonoma* 21 Cal.3d 61, . . . [¶] The Court rejects plaintiff's [sic] argument that the sum of money due was 'understood' or 'could be computed'—the code requires the sum to be stated in the judgment."[1]

---

[1]Plaintiffs thereafter apparently filed a new lawsuit against defendants, on the contract and promissory note.

Defendants then moved for an award of attorney's fees based on an attorney's fees provision in the parties' contract. The denial of that motion generated the within appeal.

The parties' arguments may be summarized as follows: Defendants contend that the order vacating the judgment on confession was a final judgment in a special proceeding between the parties and that defendants, as the prevailing parties, are thus entitled to an award of attorney's fees under the contract. Plaintiffs contend that the effect of the judgment was merely to restore the parties to their original status, similar to the setting aside of a default judgment, and to allow the litigation to continue between them on the merits of the obligation.

We agree with defendants that attorney's fees should have been awarded and therefore reverse the within judgment.

### I

The agreement between the parties contains the following provision concerning attorney's fees: "In the event of any litigation among the parties hereto in connection with any action or threat of breach of any provision hereof, *or any of the documents attached hereto as Exhibits* or to enforce any other right or remedy available to the parties hereunder, the prevailing party shall be entitled to recover from the losing party in addition to any judgment, money or recovery, the reasonable cost of litigation, including attorney's fees, as may have been incurred by such prevailing party in connection with such litigation, in such amount and as may be determined by the Court having jurisdiction of such action, all of which the losing party hereby covenants to pay." (Italics added.)

Under this provision, an award of attorney's fees is not limited to situations where the prevailing party has secured a final judgment. However, at the time the within contract was executed, Civil Code section 1717 limited attorney's fee awards to the party in whose favor a final judgment had been rendered. Civil Code section 1717, although stated to apply to contract provisions authorizing an award of fees to one party only, has been held to cover provisions such as the one before us, which award fees to either side. (*Beneficial Standard Properties, Inc.* v. *Scharps* (1977) 67 Cal.App.3d 227, 231-232 [136 Cal.Rptr. 549].) Applying section 1717's final judgment rule to the within action does not prevent recovery of attorney's fees under the facts of this case.

### II

Plaintiffs argue that no final judgment will be rendered in the instant matter until a trial establishes their right to recover from defendants on the

agreement and promissory note. Considerable authority is cited for the rule that there can be but one judgment in an action as between the same parties, and that judgment is a judgment which determines all matters in controversy between them in the action.

The fallacy in plaintiffs' application of the foregoing rule to the instant case is that here there are two actions: one on the confession of judgment and another on the agreement and note. A final, appealable judgment was entered on the validity of the confession of judgment, and a new and independent lawsuit was required in order to pursue defendants' liability for the obligation under the agreement. This is not the situation presented in the cases cited by plaintiffs, where an appeal was attempted from an interlocutory order or decree rendered during litigation. (See, e.g., *La Pietra* v. *Freed* (1978) 87 Cal.App.3d 1025, 1031 [151 Cal.Rptr. 544].)

A confession of judgment, providing summary relief without the usual trial proceedings, is a special proceeding. (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 13, p. 890.) "A judgment in a special proceeding is the final determination of the rights of the parties therein." (Code Civ. Proc., § 1064.)

Further indicia of the finality of the subject order is its appealability. An appeal may be taken from an order invalidating a judgment on confession. (*Ataka America, Inc.* v. *Washington West Trade Corp.* (1977) 66 Cal.App.3d 419, 421 [136 Cal.Rptr. 71].)

Our research discloses no case addressing the precise issue here presented, but other cases denying attorney's fees, due to lack of finality of the order, are readily distinguishable. For example, it is now well established that the dismissal of an action at plaintiff's request does not result in a final judgment establishing defendants as the prevailing parties for purposes of attorney's fees. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 224 [145 Cal.Rptr. 691, 577 P.2d 1031]; *Gray* v. *Kay* (1975) 47 Cal.App.3d 562 [120 Cal.Rptr. 915]; *Associated Convalescent Enterprises* v. *Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116 [108 Cal.Rptr. 782].) The Supreme Court explained in *International Industries* (at p. 222) that a judgment following voluntary dismissal is nonjudicial, because performed by a clerk and that such a judgment is not final, in that it does not determine the rights of the parties. The court also relied on equitable principles, noting that "permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees." (*International Industries, Inc.* v. *Olen, supra,* at p. 224.)

In *Samuels* v. *Sabih* (1976) 62 Cal.App.3d 335 [133 Cal.Rptr. 74], the court affirmed denial of defendant's motion for attorney's fees following dismissal of plaintiff's action under Code of Civil Procedure section 583, subdivision (b) for failure to prosecute suit within five years. The *Samuels* court found no final judgment which would support an award of fees, noting that " ' " . . . the dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action." ' " (*Samuels* v. *Sabih, supra*, at p. 339.)

Here, defendants successfully invalidated a judgment following a hearing on the merits of its validity. The judgment was a judicial, not a ministerial act. Nor does equity compel a denial of attorney's fees in this situation. On the contrary, an award of attorney's fees might serve to discourage the practice of obtaining judgments by confession without compliance with the provisions of Code of Civil Procedure section 1133.

Plaintiffs rely on *Ataka America, Inc.* v. *Washington West Trade Corp., supra*, 66 Cal.App.3d at page 423, for the proposition that an order invalidating a judgment on confession is not a final judgment. In *Ataka*, as here, the judgment on confession had been set aside for noncompliance with Code of Civil Procedure section 1133. In a cross-appeal, it was argued that confessions of judgment are unconstitutional and that the *Ataka* judgment was procured by fraud. We held: "Since the confession was void for the reason set forth, there was no reason for the trial court to decide whether it was void or voidable for any other reason. With the judgment vacated, and the underlying confession judicially declared void, the parties may, if they so desire, proceed, in proper actions in the trial court, to litigate (inter alia): (a) whether the confession of judgment is, by reason of any fraud in its procurement, unavailable to Ataka as an admission by Trade; (b) how much, if anything, Trade now owes to Ataka." (*Ibid.*)

Plaintiffs argue that under *Ataka*, an order invalidating a judgment on confession is not a final determination of the parties' rights under that confession. Plaintiffs read *Ataka* too broadly. The decision merely recognizes the fact that the confession of judgment may have continued evidentiary vitality in other litigation between the parties. However, having been declared void, it may no longer fill the chief function for which it was designed, to wit, to authorize entry of immediate judgment without trial.

Under the circumstances here presented, the order vacating the judgment on confession was a final judgment terminating the proceedings on the confession of judgment and establishing the rights of the parties in those proceedings. Defendants were entitled to an award of reasonable attorney's fees as provided by contract.

The order denying attorney's fees is reversed and the matter is remanded to the trial court with directions to fix and award a reasonable sum as attorney's fees, based on the moving papers previously filed with the court on this issue.

Kingsley, J., and Amerian, J., concurred.