[Civ. No. 26678. Fourth Dist., Div. One. Sept. 7, 1983.]

PRESLEY OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. ELLEN DOUGLAS WHELAN, Defendant and Appellant.

## COUNSEL

Ball, Hunt, Hart, Brown & Baerwitz and Clark Heggeness for Defendant and Appellant.

James Toledano for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Ellen Douglas Whelan appeals a judgment awarding Presley of Southern California, a corporation, the attorney fees Presley incurred on an appeal which resulted in the reversal of a summary judgment the superior court had granted Whelan.

Presley sued Whelan, alleging breach of contract. The superior court granted Whelan's motion for summary judgment. This court reversed, holding the case involves triable issues of fact. Presley filed a memorandum of costs on appeal, which included $8,699 in attorney fees. The fee request was based on a clause in the contract entered into by Presley and Whelan which says the prevailing party in any proceeding relating to the contract shall be entitled to recover attorney fees. Whelan moved to tax costs on the grounds California Rules of Court, rule 26 does not allow attorney fees as an element of costs on appeal and the clause in the contract does not apply because the underlying action is still ongoing, and, thus, there is no prevailing party. The superior court denied Whelan's motion and awarded Presley the fees.

■ Civil Code section 1717 validates the type of contractual provision involved here and requires the courts to award fees to the prevailing party in actions on contracts containing such clauses. Here, however, there is no prevailing party. The winner in the action between Presley and Whelan is yet to be determined. The reversal of the summary judgment is merely an interim stage of the litigation, much the same as a denial of a summary judgment motion or an overruling of a demurrer in the trial court. For this reason, it is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court (*Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15-16 [186 Cal.Rptr. 695]; *Sain* v. *Silvestre* (1978) 78 Cal.App.3d 461, 476 [144 Cal.Rptr. 478], disapproved on other grounds *Reynolds Metal Co.* v. *Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83]; *Varco-Pruden, Inc.* v. *Hampshire Constr. Co.* (1975) 50 Cal.App.3d 654, 664 [123 P.2d 606]). An attorney fee award under a provision such as the one involved here must wait until the lawsuit is completely and finally decided (*Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 428-430 [152 Cal.Rptr. 31]).[1] The superior court here erred in granting Presley its fees while the underlying lawsuit continues.

Presley argues fees may be awarded before the action is finally decided under a recent amendment to Civil Code section 1717, subdivision (b)(1), which says: "The court, upon notice and motion by a party, shall determine who is the prevailing party, whether or not the suit proceeds to final judgment." However, *Bank of Idaho* v. *Pine Avenue Associates, supra,* 137 Cal.App.3d 5, the case that most closely examines the question of a fee award based on an appellate reversal of a summary judgment, explains this amendment merely allows a fee award where the final outcome of a lawsuit does not take the form of a final judgment but nevertheless one party wins and one loses; it does not allow an award where the suit is still ongoing (137 Cal.App.3d 5, 15-16). There must be a prevailing party before the fee provision applies, and no one has yet prevailed here. Indeed, in a case such as this one there may never be a prevailing party. It is quite possible the parties will choose to settle after the summary judgment is reversed. As *Bank of Idaho* explains, this possibility alone is sufficient to prohibit a fee award based on the appellate decision as both the Legislature and the Supreme Court have said there is no prevailing party where a suit is voluntarily dismissed following a settlement (Civ. Code, § 1717, subd. (b)(2), *Inter-*

---

[1] *Cole* v. *BT & G, Inc.* (1983) 141 Cal.App.3d 995 [190 Cal.Rptr. 690], is distinguishable in that attorney fees were awarded to the prevailing party, as authorized by the parties' written contract, after a final judgment terminating a special proceeding about the validity of a confession of judgment.

*national Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 223-224 [145 Cal.Rptr. 691, 577 P.2d 1031]).

Presley contends the fee award here is proper because it is entitled to its costs on appeal and the fee provision in the contract simply adds attorney fees as an element of costs. The provisions allowing costs on appeal (Code Civ. Proc., § 1034 and Cal. Rules of Court, rule 26), however, are entirely separate from the contractual provision for fees and do not depend on the party winning the appeal being the ultimate prevailing party. Presley's contention is inconsistent with the well settled rule excluding attorney fees from the costs a party winning an appeal may recover under section 1034 (Cal. Rules of Court, rule 26; *Visini* v. *Visini* (1963) 212 Cal.App.2d 183, 190 [27 Cal.Rptr. 782]).

*Bank of Idaho* is clearly correct in its holding an interim award of fees such as was granted here is improper. That case, however, goes on to say an award of such fees to a plaintiff would be proper once the action is finally decided even if the defendant prevails. "Plaintiff also suggests that in the event the case does proceed to judgment in favor of defendants, it will be troublesome to adjust the parties' offsetting rights to fees. We see no serious difficulty in ascertaining defendants' entitlement to fees; those incurred in the former appeal would be excluded, and plaintiff's fees on such appeal would constitute an offset to any award of fees to defendants for other aspects of the case." (*Bank of Idaho* v. *Pine Avenue Associates, supra,* 137 Cal.App.3d, 5, 17-18.) Because we do not wish the superior court to consider itself bound by this approach should this case reach final judgment, we explain our disagreement with the approach.

The problem with allowing a plaintiff who has succeeded in having a summary judgment against him reversed, but who ultimately loses the case, to collect the fees he incurred on the appeal is the focus on procedural victories during the course of trial rather than on the final disposition of the substantive issues. Apportionment of fees is surely correct where the final result in a case is both victory and loss for both sides, e.g., where plaintiff recovers on his complaint and defendant recovers on a cross-claim. Apportionment, however, should not be based on the fact a party makes successful procedural maneuvers during trial but loses the case. If such apportionment were allowed, a party who wins an unmitigated victory in a case where fees are provided for by contract would have his right to fees offset by the fact his opponent won discovery, evidentiary or other rulings during trial. Under the *Bank of Idaho* approach, a defendant whose motion for summary judgment is denied by the trial court would have to pay the fees plaintiff incurred in opposing the motion even if the defendant goes on to win the case; there is no real distinction between that scenario and a case such as the one at

bench where the settlement of an interim issue, such as summary judgment, requires a side trip to the Court of Appeal. It would be both impractical and unfair to ask the trial courts to review all the procedural rulings in a case before deciding who is entitled to what fees. A party who wins an outright victory should recover all his fees without offset for the fees incurred by the other party.

The trial courts, of course, should be allowed the discretion to exclude from a fee award the fees incurred by a prevailing party in making frivolous procedural maneuvers, the primary concern in setting rules for attorney fee awards must be the encouragement of efficient litigation. Where, however, the superior court considers a motion for summary judgment meritorious and the defendant goes on to prevail in the case, the fact the summary judgment is reversed does not show the motion was frivolous. To the contrary, were we to hold a defendant who wins a case and is entitled to fees must pay the fees plaintiff incurred in defeating a motion for summary judgment, we would discourage the use of summary judgment, often an efficient means for disposing of litigation, in actions where the defendant has a strong case. A plaintiff who succeeds in having a summary judgment against him reversed and then goes on to prevail at trial is, of course, entitled to the fees he incurred on appeal (*Varco-Pruden, Inc.* v. *Hampshire Constr. Co., supra,* 50 Cal.App.3d 654, 664). Where, however, the defendant ultimately prevails, he is entitled to his fees on appeal without offset based on the fees plaintiff incurred on appeal.

The judgment is reversed.

Work, J., and Butler, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 10, 1983.