56 Cal.Rptr.3d 691 (2007)
149 Cal.App.4th 46
ESTATE OF George Marion DRUMMOND, Deceased.
Michael G. Desmarais, Petitioner and Respondent,
v.
George R. Drummond et al., Objectors and Appellants.
No. H029903.
Court of Appeal of California, Sixth District.
March 29, 2007.
*692 Law Offices of Michael T. Morrissey, Michael T. Morrissey, for Objectors and Appellants George G. Drummond et al.
Willoughby, Stuart & Bening, Bradley A. Bening, San Jose, Law Offices of Michael G. Demarais, Michael G. Demarais, for Petitioner and Respondent Michael G. Desmarais.
RUSHING, P.J.
This is an appeal by the contestants of a will from an order denying their claim for attorney fees after this court directed their former attorney to pursue his claims against them in another forum. Surmising that the court below considered their motion for fees unripe, appellants contend that the court had the power to award their fees and should have done so. We doubt the correctness of this proposition but conclude that in any event the claim for fees could properly be;, and presumptively was, denied on the ground that appellants were not the prevailing parties for purposes of a fee award. Since appellants have failed to show that such a finding was unwarranted, we will affirm the order.

BACKGROUND
Appellants George R. Drummond, Rebecca J. Drummond, and Jessie L. Marion are the children of George Marion Drummond, who died after apparently attempting to bequeath his entire estate to his wife of a few months, On Yok Choe Drummond. Appellants engaged respondent Michael Desmarais to contest the will on their behalf. Appellants thereafter settled with the widow, and various sums were disbursed to the parties, the estate administrator, and Desmarais. Eventually appellants objected to these disbursements and engaged new counsel, claiming among other things that Desmarais had duped them into hiring him on a contingency basis rather than at an hourly rate. Desmarais claimed that appellants owed him more fees, and filed a lien against their interest in the estate. He then obtained an order from the probate court adjudicating these claims in his favor. We reversed that order on the grounds that he lacked standing to bring such a motion in the probate court and had not established an entitlement to such relief. (Estate of Drummond (Mar. 21, 2003, H023857, 2003 WL 1461471) [nonpub. opn.].) He then filed a petition in the probate court to recover his fees. Among other things, he sought to recover the attorney fees he himself incurred in prosecuting the petition, on the ground that the underlying legal services contract provided for such recovery.
*693 In the meantime, however, appellants had filed a separate civil action seeking damages from Desmarais on theories including fraud and breach of faith. When he filed his probate petition, they objected on the ground, among others, that it was barred by the compulsory cross-complaint rule. (Code Civ. Proc., § 426.30, subd. (a).) The probate court ultimately granted his petition for fees, consolidated it with appellants' civil action, and entered a judgment awarding Desmarais slightly over $300,000, plus costs and attorney fees. We reversed that judgment and the order allowing attorney fees on the ground, among others, that Desmarais's petition indeed violated the compulsory cross-complaint rule. (Estate of Drummond (Jun. 20, 2005, H026373, H026660, 2005 WL 1433186) [nonpub.opn.].) We directed the probate court to dismiss his petition and to "take no further action ... concerning [appellants'] claims against Desmarais except as such action is consistent with the views expressed in this opinion." (Estate of Drummond, supra, at p. 32 [nonpub. opn.].) "On remand," we observed, "Desmarais may move in the civil action to file his claims there, and on a proper showing may be entitled to do so as a matter of right." (Estate of Drummond, supra, at pp. 31-32 [nonpub. opn].) After the matter was remanded, Desmarais filed a cross-action against appellants seeking to recover amounts allegedly due under the legal services contract.
In our disposition of the appeal we explicitly allowed appellants their costs. (Estate of Drummond, supra, at p. 32 [nonpub. opn.].) On remand they sought not only costs but also attorney fees of about $200,000. Desmarais objected on grounds including that appellants had not prevailed on the underlying legal services contract, that their victories up to that point had been entirely procedural, and that the substantive contract issues remained pending in the civil matter. Although his points and authorities were less than pellucid, they cited considerable authority to the effect that there is, or may be, no "prevailing party" for purposes of an award of attorney fees under Civil Code section 1717 (section 1717) when the underlying contract claims remain unresolved. The trial court denied the motion for fees and granted Desmarais's motion striking the fees from appellants' cost bill. This timely appeal followed.[1]

DISCUSSION
Section 1717 provides in part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded ..., then the party who is determined to be the party prevailing on the contract ... shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).) Under the statute, the trial court "shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (§ 1717, subd. (b)(1).)
Here it is undisputed that appellants' agreement to pay Desmarais for legal *694 services allowed for the recovery of attorney fees incurred in its enforcement. Nor is it disputed that Desmarais's probate court petition seeking fees alleged to be due from appellants was, for purposes of section 1717, an "action on the contract." Appellants were therefore entitled to fees incurred in defending against that petition if, by securing its dismissal, they became the "part[ies] prevailing on the contract." (§ 1717, subd. (b)(1).) They have established a right to appellate relief if they have demonstrated that the trial court was obliged to accord them that status.
Under section 1717, the trial court has discretion to determine who, if anyone, is the party prevailing on the contract. (Hsu v. Abbara (1995) 9 Cal.4th 863, 871, 39 Cal.Rptr.2d 824, 891 P.2d 804 (Hsu).) That discretion is not unlimited; the statute contemplates that a party prevailing on a contract will "receive attorney fees as a matter of right ... whenever the statutory conditions have been satisfied." (Id. at p. 872, 39 Cal.Rptr.2d 824, 891 P.2d 804.) Thus, "when the results of the litigation on the contract claims are not mixedthat is, when the decision on the litigated contract claims is purely good news for one party and bad news for the otherthe Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. [Citations.] Similarly, a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717. [Citations.]" (Id. at pp. 875-876, 39 Cal. Rptr.2d 824, 891 P.2d 804.) When "the results of the litigation are mixed," however, the statute "reserve[es][to] the trial court a measure of discretion to find no prevailing party...." (Id. at p. 876, 39 Cal.Rptr.2d 824, 891 P.2d 804.) In considering this question, the court must "compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (Ibid.) And critically, "[t]he prevailing party determination is to be made only upon final resolution of the contract claims and only by `a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'" (Ibid.)
Here appellants make no attempt to demonstrate that the trial court was required under the foregoing guidelines to find that they had prevailed on the contract. Indeed they do not cite the seminal Hsu case.[2] Instead they attack the denial of fees by erecting a straw man, i.e., that the trial court considered itself powerless to award fees given the continuation of the contract dispute in the civil action. They thus assert that "the only possible basis for denying fees in total was a determination that they are not recoverable because of the pendency of another claim in another action...." They attack that imputed ruling on the ground that it lacks precedential support and is unfair.
We are far from convinced that these criticisms are sound. In Hsu, supra, 9 Cal.4th at page 876, 39 Cal.Rptr.2d 824, 891 P.2d 804, the court said that the prevailing party determination must await "the final resolution of the contract claims." It necessarily follows that no fee award can be made before such a "final resolution." Appellants' argument could *695 be reconciled with Hsu only by qualifying "final" to mean, "final for purposes of a particular lawsuit." But this view is inconsistent with the thrust of the decision, which is that status as the "party prevailing on the contract" is ascertained not by technicalities of pleading and procedure but by a pragmatic assessment of the parties' ultimate positions vis a vis their litigation objectives as reflected in pleadings, prayers, and arguments. (See id. at p. 877, 39 Cal.Rptr.2d 824, 891 P.2d 804 ["in determining litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations'"].) Appellants' reading is also inconsistent with the phrase "prevailing on the contract," which implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement.
Here appellants obtained only an interim victory, based on Desmarais's having attempted to pursue his claims in the wrong forum. We have found no published cases directly addressing the power of a court to award fees under section 1717 where a contract claim has been dismissed on such a ground. Appellants place great reliance on Cole v. BT & G, Inc. (1983) 141 Cal.App.3d 995, 997, 999,190 Cal.Rptr. 690 (Cole), which held that an order setting aside a judgment by confession was a "final judgment" for purposes of a prior version of section 1717, under which attorney fees were recoverable only when a "final judgment" had been entered. (See former Code Civ. Proc., § 1717, 1968 Stats., ch. 266, § 1, p. 578.) The court remanded for an award of fees even though litigation on the underlying contract was apparently underway in a separate suit. (See Cole, supra, at pp. 1000, 996, fn. 1, 190 Cal.Rptr. 690.)
The Cole decision does not clearly disclose the nature of the proceedings leading to vacation of the judgment there, other than to state that the case involved "two actions: one on the confession of judgment and another on the agreement and note." (Cole, supra, 141 Cal.App.3d at p. 998, 190 Cal.Rptr. 690.) The motion to vacate the judgment was apparently filed in the former "action ... on the confession of judgment." (Ibid.) But a judgment by confession is one entered "without action." (Code Civ. Proc., § 1132, subd. (a), italics added.) If supporting papers in the prescribed form are submitted, the clerk enters judgment entirely without judicial involvement. (Code Civ. Proc., § 1134, subd. (a).) The proceeding thus resembles entry of a judgment by default, except that it requires no underlying complaint, and there is thus no underlying suit to be revived by vacation of the judgment.
Given these peculiarities, Cole's holding that the vacation of the judgment was itself a "final judgment" for purposes of the recovery of attorney fees, must be confined to the procedural setting in which it arose. Here, the disposition of Desmarais's probate petition bore less resemblance to the final termination of a special proceeding than to the sustaining of a plea in abatement on grounds that an action on the same subject matter was already pending in another forum. We directed the probate court to dismiss the petition and take no further action, while explicitly recognizing and expecting that the controversy could proceed to a judgment on the merits in the civil suit. Dismissal of the probate petition thus was not a "final judgment" as contemplated in Cole. It determined nothing except that Desmarais had to pursue his claims against appellants in the civil case.
Further, the Cole decision relied entirely on a construction of statutory language that is no longer present. The statute has since been amended to eliminate the reference *696 to "final judgment" (1981 Stats., ch. 888, § 1, pp. 3399-3400) and to replace the term "prevailing party" with "party prevailing on the contract" (1987 Stats., ch. 1080, § 1, pp. 3648-3649). The first change removed the textual foundation for the primary rationale in Cole, and combined with the second shifted the emphasis from victory at a particular stage of proceedings to victory "on the contract." Appellants have at no time won a victory "on the contract." They have only succeeded at moving a determination on the merits from one forum to another.
Given the narrowness of its analysis, it is perhaps not surprising that the Cole decision has never been followed by a California court. Only one California decision has cited it, and that was to distinguish it. In Presley of Southern California v. Whelan (1983) 146 Cal.App.3d 959, 196 Cal. Rptr. 1, the court considered the propriety of an order allowing attorney fees as an element of appellate costs after the reversal of an earlier order granting summary judgment. The court declared it "well settled" that "a party who prevails on appeal is not entitled under section 1717 ... to the fees he incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court [citations]. An attorney fee award under a provision such as the one involved here must wait until the lawsuit is completely and finally decided [citations]." (Id. at p. 961, 196 Cal.Rptr. 1, fn. omitted.) The court appeared to limit Cole to its facts, declaring it "distinguishable in that attorney fees were awarded to the prevailing party, as authorized by the parties' written contract, after a final judgment terminating a special proceeding about the validity of a confession of judgment." (Id. at p. 961, fn. 1,196 Cal.Rptr. 1.)
We can conceive of cases where a party obtaining a dismissal of contract claims on purely procedural grounds might be found to have prevailed on the contract, even though the dismissal was without prejudice, because the plaintiff had no other means to obtain relief under the contract. Thus it might be shown that litigation in the proper forum would entail greater expense, inconvenience, or risk than the plaintiff was willing to hazard, or that a new suit wherever brought would be subject to a bar such as the statute of limitations. Here, however, litigation on the contract in the probate department ended solely because it should have been brought in another department of the same court. Nothing prohibited Desmarais from taking up his claims in the other department; indeed he did so, and has now recovered a judgment against appellants.[3] The dismissal of his petition in the probate matter did not defeat his contract claims; it merely deflected or forestalled them. By achieving that result, appellants no more "prevailed" than does a fleeing army that outruns a pursuing one. Living to fight another day may be a kind of success, and surely it is better than defeat. But as long as the war goes on, neither side can be said to have prevailed.
Moreover, even accepting appellants' premise that the court below had the power to award fees, it need only have done so if it found, or was required by law to find, that appellants had prevailed on the contract. We think the interim nature of *697 appellants' success provided a sound basis for a discretionary finding that neither party prevailed on the contract. We must therefore infer, in support of the order under review, that the trial court made such a finding, and that the order denying fees rests upon it. That being so, the order cannot be disturbed on appeal.

DISPOSITION
The order appealed from is affirmed.
WE CONCUR: PREMO and ELIA, JJ.
NOTES
[1] The notice was filed on the sixty-second day after the clerk mailed a copy of the order. (See former Cal. Rules of Court, rule 2(a)(1), now rule 8.104.) However the sixtieth day was a Sunday and the sixty-first day was a state holiday, i.e., Lincoln's Birthday, so the notice was timely. (See Code Civ. Proc., § 12.)
[2] Neither, however, does Desmarais.
[3] By request for judicial notice, which we granted, Desmarais has placed before us a judgment on special verdict awarding him some $157,000 against appellants for breach of contract, plus costs and attorney fees. That judgment is now on appeal before this court. (Drummond et al. v. Temmerman, Desmarais & Phillips, No. H030601, notice of appeal filed Sept. 9, 2006.)