Filed 5/14/15 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DISPUTESUITE.COM, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SCOREINC.COM et al,<br><br>    Defendants and Appellants. | B248694<br><br>(Los Angeles County<br>Super. Ct. No. BC489083)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:[*]

It is ordered that the opinion filed herein on April 14, 2015, be modified as follows:

On page 2, the second sentence of the fourth full paragraph, the words "At defendants' insistence," are deleted so the sentence now reads:

> The master reseller agreement contains a forum-selection clause by which "any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Service shall be subject to the exclusive jurisdiction of the state and federal courts located in Hillsb[o]rough, Florida."

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

On page 9, the second sentence of the first full paragraph, the words "they chose" are changed to "to which they agreed" so the sentence now reads:

> But defendants cannot be heard to complain about a forum to which they agreed.

There is no change in the judgment.

Appellants' petition for rehearing is denied.

Filed 4/14/15 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DISPUTESUITE.COM, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SCOREINC.COM et al,<br><br>    Defendants and Appellants. | B248694<br><br>(Los Angeles County<br>Super. Ct. No. BC489083) |

        APPEAL from an order of the Superior Court of Los Angeles County.  James C. Chalfant, Judge.  Affirmed.


        Weintraub Tobin Chediak Coleman Grodin, Marvin Gelfand and Brendan J. Begley for Defendants and Appellants.


        J.J. Little & Associates and James J. Little for Plaintiff and Respondent.


_____

The question presented is whether defendants who obtained dismissal of a case in California pursuant to a Florida forum-selection clause are entitled to contractual attorney fees? We conclude the answer is no, because there has been no final resolution of the contract claims.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and respondent DisputeSuite.com, LLC (plaintiff) filed a lawsuit in the Los Angeles Superior Court against defendants and appellants Scoreinc.com and its principals Joel S. Pate and Joshua Carmona (collectively defendants) on July 26, 2012. The complaint contained 21 causes of action, including causes of action for breach of contract, fraud, misappropriation of trade secrets, and interference with contract. Plaintiff sought compensatory and punitive damages as well as preliminary and permanent injunctive relief.

The complaint alleges that plaintiff is a leading provider of credit repair software and services that it markets to credit repair organizations (CROs) to help them service their customers in need of credit repair. Defendants, on the other hand, work directly for CROs handling daily administrative tasks. According to the complaint, plaintiff agreed to provide defendants with its confidential list of CROs and other proprietary information, including its "secret method by which it sells its software and other products to its customers."

While the parties dispute the existence and enforcement of certain contracts, including end-user agreements, it is undisputed that in September 2010, they entered into a master reseller agreement that enabled defendants to act as a licensed reseller of plaintiff's software. At defendants' insistence, the master reseller agreement contains a forum-selection clause by which "any disputes, actions, claims or causes of action arising out of or in connection with this Agreement or the Service shall be subject to the exclusive jurisdiction of the state and federal courts located in Hillsb[o]rough, Florida."

It is also undisputed that in March 2012, the parties entered into a cross-marketing agreement, which also contains a Florida forum-selection clause. The cross-marketing agreement further provides that "The prevailing party in any legal action brought by one

2

party against the other and arising out of this Agreement shall be entitled . . . to reimbursement of legal expenses incurred in such action, including court costs and reasonable attorneys' fees."

The same day plaintiff filed the complaint, plaintiff applied ex parte for an order to show cause regarding a preliminary injunction and temporary restraining order. The trial court denied the application without prejudice. Plaintiff later renewed its ex parte application. This time the trial court granted a temporary restraining order as to two of the five requested actions: barring defendants from transferring any customers referred to them by plaintiff to any entity that did not use plaintiff's software and barring defendants from making commercial use of plaintiff's software. The trial court subsequently granted preliminary injunctive relief on the same two bases.

Meanwhile, defendants filed a motion to quash service of summons and complaint (which the trial court and parties subsequently referred to as the "motion to dismiss") based on the Florida forum-selection clauses in the master reseller agreement and cross-marking agreement. Plaintiff opposed the motion, arguing that a California forum-selection clause in the end-user agreements applied. The trial court granted the motion to dismiss, stayed the case for 60 days, and extended the effective date of the preliminary injunction so that plaintiff could file suit in Florida and seek injunctive relief in that forum. After plaintiff refiled the case in Florida, the trial court dismissed the case in California and dissolved the preliminary injunction.

Defendants then filed a motion in the trial court for an award of attorney fees in the amount of $84,640, on the ground that they were the prevailing parties in connection with the motion to dismiss. The trial court denied the motion. Defendants filed this appeal from the trial court's order denying attorney fees.

3

**DISCUSSION**

## I. Statutory and Case Law

Civil Code section 1717, subdivision (a) provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." The statute goes on to provide that "The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section." (Civ. Code, § 1717, subd. (b)(1).)

In *Hsu v. Abbara* (1995) 9 Cal.4th 863 (*Hsu*), our supreme court held that "in deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made *only upon final resolution of the contract claims* and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.' [Citation.]" (*Id.* at p. 876, italics added.) The *Hsu* court concluded that when a defendant "obtains a simple, unqualified victory by defeating the only contract claim in the action" (*id.* at p. 877), "the defendant is the party prevailing on the contract under section 1717 as a matter of law" (*id.* at p. 876), and the trial court has no discretion not to

4

award fees.[1]  In *Hsu*, the defendants obtained a simple, unqualified victory by proving that no contract was ever formed.  (*Id*. at p. 868.)

In addition to *Hsu*, the trial court and the parties focused primarily on three other cases in connection with the motion to dismiss.  In *Estate of Drummond* (2007) 149 Cal.App.4th 46 (*Drummond*), an opinion by the Sixth District, a lawyer filed a petition in probate court for contractual attorney fees against his former clients, who had filed a separate civil action against him.  His petition was granted, but the appellate court reversed on the ground urged by the clients that the petition violated the compulsory cross-complaint rule.  (*Id*. at p. 49.)  On remand, the lawyer filed a cross-action seeking his fees and the clients also sought their fees for having litigated the petition.  The trial court denied the clients' motion for attorney fees.  The clients appealed, and the *Drummond* court affirmed.

Relying on *Hsu*, the *Drummond* court found there had been no "'final resolution of the contract claims.'"  (*Drummond, supra,* 149 Cal.App.4th at p. 51.)  The court stated: "Appellants' argument could be reconciled with *Hsu* only by qualifying 'final' to mean, 'final for purposes of a particular lawsuit.'  But this view is inconsistent with the thrust of the decision, which is that status as the 'party prevailing on the contract' is ascertained not by technicalities of pleading and procedure but by a pragmatic assessment of the parties' ultimate positions vis-à-vis their litigation objectives as reflected in pleadings, prayers, and arguments. . . .  Appellants' reading is also inconsistent with the phrase 'prevailing *on the contract*,' which implies a strategic victory at the end of the day, not a tactical victory in a preliminary engagement."  (*Drummond, supra,* at p. 51.)

The *Drummond* court concluded that the clients had obtained only an "interim victory" based on the lawyer's having attempted to pursue his claims in the wrong forum.  (*Drummond, supra,* 149 Cal.App.4th at p. 51.)  The court stated that the clients had "at no

---

[1]      While we review the determination of the legal basis for an award of attorney fees de novo, (*Pueblo Radiology Medical Group, Inc. v. Gerlach* (2008) 163 Cal.App.4th 826, 828), the trial court's actual determination of prevailing party status is often reviewed for an abuse of discretion (*Scott Co. v. Blount, Inc*. (1999) 20 Cal.4th 1103, 1109).

time won a victory 'on the contract.' They have only succeeded at moving a determination on the merits from one forum to another." (*Id*. at p. 53.) While the *Drummond* court could "conceive of cases where a party obtaining a dismissal of contract claims on purely procedural grounds might be found to have prevailed on the contract, even though the dismissal was without prejudice, because the plaintiff had no other means to obtain relief under the contract," it found that in the case before it "[t]he dismissal of [the lawyer's] petition in the probate matter did not defeat his contract claims; it merely deflected or forestalled them." (*Ibid*.) The *Drummond* court stated: "We think the interim nature of appellants' success provided a sound basis for a discretionary finding that neither party prevailed on the contract." (*Id*. at p. 54.)

More recently, two cases out of the Fourth District reached the opposite result. In *Profit Concepts Management, Inc. v. Griffith* (2008) 162 Cal.App.4th 950 (*Profit Concepts*), a California company sued a former employee for breach of contract. The employee, a resident of Oklahoma, brought a motion to quash service of summons for lack of personal jurisdiction. The company filed a notice of nonopposition, and the trial court granted the motion. The employee then filed a motion for attorney fees as the prevailing party, which the trial court granted, and the appellate court affirmed. (*Id*. at p. 952.) The *Profit Concepts* court stated: "The only claims before the trial court were contained in Profit Concepts's complaint, which sought compensatory and punitive damages in an amount to be determined, as well as preliminary and permanent injunctive relief. The case *in California* has been finally resolved. What was awarded on Profit Concepts's complaint? Zero. Thus, the contract claim was finally resolved within the meaning of *Hsu v. Abbara,* and that case does not use the term 'merits.' [¶] The determination of which party is the prevailing party must be made without consideration of whether the plaintiff may refile the action after a motion to quash service is granted. The issue of final resolution should not depend on the plaintiff's possible *future* conduct. Prevailing party attorney fees should be awarded based on the contract language, the statutory language, and the fact of dismissal of the case, not on speculation." (*Profit Concepts, supra,* at p. 956.) The *Profit Concepts* court noted that the employer had

6

refiled its suit in Oklahoma, but found "nothing in the language of the statute or of *Hsu v. Abbara*, or any other case, that requires resolution in another state on the merits of a contract claim first asserted in California before a prevailing party can be determined here, when the matter has been completely resolved vis-à-vis the California courts." (*Profit Concepts, supra,* at p. 956.)

In *PNEC Corp. v. Meyer* (2010) 190 Cal.App.4th 66 (*PNEC*), the trial court dismissed a contract action against a defendant based upon forum non conveniens, and entered a judgment of dismissal without prejudice. (*Id.* at p. 68.) The defendant then sought and obtained an award of attorney fees pursuant to the contract, which the *PNEC* court affirmed. The court essentially rejected *Drummond* and followed *Profit Concepts* in finding that the trial court "did not abuse its discretion in making an award for the work done while the case was under its jurisdiction." (*PNEC, supra,* at p. 73.)

## II. The Motion for Attorney Fees Was Correctly Denied

Not surprisingly, defendants here rely on *Profit Concepts* and *PNEC* in arguing that the trial court erred in denying their motion for an award of attorney fees. They go one step further and argue that their position is even stronger than that of the defendants in those cases because, unlike those defendants who obtained dismissal of the contract actions on procedural grounds, defendants here obtained dismissal by successfully enforcing the contractual forum-selection clause. Thus, they claim they prevailed on the only contract claim at issue here. According to defendants, they "conclusively ended the litigation in California and thereby achieved a final resolution of the dispute so far as the Golden State is concerned."

In denying the motion to dismiss, the trial court found that *Drummond* more closely followed the *Hsu* court's dictate that "[t]he prevailing party determination is to be made *only upon final resolution of the contract claims.*" (*Hsu, supra*, 9 Cal.4th at p. 876, italics added.) The trial court agreed that defendants had prevailed in the sense that they obtained dismissal of the *case* in California, but because the *contract claims* were still in dispute and being litigated in Florida, there had been no final resolution of those claims, and therefore no prevailing party on the contract.

7

We agree with the trial court's reasoning. As stated in *Drummond*, defendants' argument "could be reconciled with *Hsu* only by qualifying 'final' to mean, 'final for purposes of a particular lawsuit.' But this view is inconsistent with the thrust of the [*Hsu*] decision, . . ." that courts look at the overall objectives of the parties. (*Drummond, supra*, 149 Cal.App.4th at p. 51.) Defendants did not obtain a simple, unqualified victory on the only contract claim against them, thus ending all litigation on the contract. Rather, plaintiff put its entire complaint before the trial court, including all of its contract claims against defendants. Defendants succeeded only in enforcing one contractual clause, not in disposing of all of plaintiff's contract claims. Thus, defendants obtained merely an interim victory by succeeding in getting the case moved from one forum to another, thereby delaying final resolution of the contract claims.

Defendants' position is also inconsistent with the plain language of Civil Code section 1717, subdivision (b)(1) that "the party prevailing on the contract shall be the party who recovered a greater relief in the *action on the contract*." (Italics added.) As *Drummond* and other cases explain, the language *action on the contract* "refers to the contract claims in the lawsuit as a whole," since a single action can involve multiple contract claims, like here. (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 539 (*Frog Creek*).) Based on its analysis of the statutory language, legislative history, and case law, the *Frog Creek* court concluded that "under Civil Code section 1717 there can only be one prevailing party on a given contract in a given lawsuit." (*Frog Creek, supra,* at p. 543.) While one could argue that the Florida case is a separate lawsuit from the California case, the fact remains that the contract claims against defendants are still the same and still viable.

If it were not the case that there can only be one prevailing party on a contract, then a party could be considered a prevailing party by succeeding on one contract issue or claim while later losing on others. Surely, the Legislature did not intend this result. Nor do we believe the Legislature intended for courts to make piecemeal attorney fee awards for each resolution of a contract clause. Like here, resolution of one contract clause does not always equate to a resolution of all contract claims.

8

Defendants complain that our result is unfair because "there is no evidence that [Civil Code] section 1717 is applicable in Florida."  But defendants cannot be heard to complain about a forum they chose.

We conclude that where, as here, a defendant obtains an interim procedural victory that results only in a relocation of an active contract dispute from one forum to another, there has been no final resolution of the contract claims and therefore it would be premature to make a prevailing party determination at such juncture.  Accordingly, the trial court did not err in denying defendants their attorney fees for obtaining a dismissal of the case in California based on a Florida forum-selection clause.

## DISPOSITION

The order denying defendants' motion for attorney fees is affirmed.  Plaintiff is entitled to recover its costs on appeal.

**CERTIFIED FOR PUBLICATION**.


_____, J.
    **ASHMANN-GERST**


**We concur:**


_____, P. J.
  **BOREN**


_____, J.
  **CHAVEZ**


9