Filed 9/2/15  DKN Holdings v. Faerber CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| DKN HOLDINGS, INC., | |
| Plaintiff and Appellant, | E055732, E056294 |
| v. | (Super.Ct.No. RIC1109512) |
| WADE FAERBER, | O P I N I O N |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  John Vineyard, Judge.

Reversed and remanded.

Prenovost, Normandin, Bergh & Dawe, Michael G. Dawe and Paula M. Harrelson

for Plaintiff and Appellant.

Callahan & Blaine, Edward Susolik and Michael S. LeBoff for Defendant and

Respondent.

On April 9, 2014, this court issued an opinion (1) affirming the judgment of the

trial court dismissing the complaint by appellant DKN Holdings, Inc. (DKN) against

1

respondent Wade Faerber for unpaid rents and other monies due under a commercial lease (E055732) and (2) affirming the postjudgment order of the trial court awarding Faerber $54,817.50 in attorney fees as the prevailing party on DKN's complaint, pursuant to an attorney fee provision in the lease (E056294).  (Civ. Code, § 1717.)

On July 23, 2014, the California Supreme Court granted DKN's petition for review.  On July 13, 2015, the court issued an opinion (1) reversing this court's April 9, 2014, decision affirming the trial court's judgment of dismissal, (2) remanding the case to this court, and (3) directing that the matter be returned to the trial court with directions to set aside its order sustaining the demurrer.

The purpose of the remand to this court is clear:  Because the decision of this court affirming the judgment dismissing DKN's complaint against Faerber for breach of the lease has been reversed, Faerber is not, at this point, the prevailing party on DKN's complaint for breach of the lease.  Civil Code section 1717 provides that the prevailing party in an action on a contract shall be entitled to reasonable attorney fees, in addition to other costs, where the contract specifically provides that attorney fees and costs incurred to enforce the contract shall be awarded to the prevailing party.  The determination of who is the prevailing party, for purposes of Civil Code section 1717, is to be made "only upon final resolution of the contract claims and only by 'a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions.'  [Citation.]" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876; *Estate of Drummond* (2007) 149 Cal.App.4th 46, 51 [the phrase "prevailing on the contract," as used in Civ. Code, § 1717, "implies a

2

strategic victory at the end of the day, not a tactical victory in a preliminary engagement."].)

The matter is remanded to the trial court with directions to set aside its order sustaining Faerber's demurrer to DKN's operative complaint, without leave to amend, and the postjudgment order awarding Faerber $54,817.50 in attorney fees is reversed. DKN shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278.)

KING
J.

We concur:

HOLLENHORST
Acting P. J.

McKINSTER
J.

3