**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID JOHN TEECE,<br><br>          Plaintiff - Appellant,<br>          Cross - Appellee,<br><br> v.<br><br> KUWAIT FINANCE HOUSE<br>(BAHRAIN) B.S.C.; ABDULHAKEEM<br>AL-KHAYYAT; ADNAN MALIK;<br>PAUL MERCER,<br><br>          Defendants - Appellees,<br>          Cross - Appellants. | Nos. 14-16439<br>            14-16536<br><br><br>D.C. No. 3:13-cv-03603-WHA<br><br><br>MEMORANDUM[*] |

Appeals from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted July 20, 2016
San Francisco, California

Before: GRABER, and TALLMAN, Circuit Judges, and RAKOFF,[**]  District
Judge.

---

          [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          [**]      The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

David John Teece appeals the district court's order partially granting attorney's fees in his voluntarily dismissed diversity action against Kuwait Finance House (Bahrain) B.S.C. and three of its foreign officers (collectively "Kuwait Finance"). Kuwait Finance cross appeals, contending that the district court erred in reducing the fee award by 50 percent. We have jurisdiction over the appeals under 28 U.S.C. § 1291, and we affirm the district court's fee award.

**1.** The district court had jurisdiction over Kuwait Finance's motion for attorney's fees. After Teece's voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1), the district court retained jurisdiction over all collateral matters. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394-95 (1990). An award of attorney's fees is a collateral matter. *Id*. at 396. The rule is well settled. *See, e.g.*, *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988); *Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc.*, 733 F.2d 656, 658-59 (9th Cir. 1984).

**2.** The district court, sitting in diversity, did not abuse its discretion in finding that Kuwait Finance was a "prevailing party" under California law. When a contract does not define "prevailing party" or otherwise dictate the availability of

attorney's fees after a voluntary dismissal, "a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." *Santisas v. Goodin*, 951 P.2d 399, 414 (Cal. 1998). Here, the district court did just that.

Teece relies on several California cases to support his argument that attorney's fees are not available after a voluntary dismissal without prejudice. But those cases involve claims under California Civil Code § 1717, which expressly precludes attorney's fees only when a case is voluntarily dismissed "in any action on a contract." *See, e.g.*, *Desmarais v. Drummond (In re Estate of Drummond)*, 56 Cal. Rptr. 3d 691, 696 (Ct. App. 2007). Because Teece's claims sound in tort, the claims are not "on a contract" and § 1717(b)(2)'s prohibition on attorney's fees does not apply. *Santisas*, 951 P.2d at 401, 409.

**3.** The district court did not err in ruling that the Murabaha Agreement ("Agreement") between the parties providing for attorney's fees was broad enough to encompass Teece's tort claims. We agree with the district court that it is "unreasonable" for Teece to argue that none of Kuwait Finance's legal fees were "in connection with, the enforcement of, or preservation of rights under" the Agreement. But even if Kuwait Finance was not seeking to enforce or preserve rights under the Agreement, Teece's inclusion of the Agreement in his initial

3

disclosures, and the reference in his complaint to the $3 million investment, would trigger the provision of the Agreement permitting attorney's fees for "legal consultancy . . . in relation" to the Agreement.

4.  The district court did not abuse its discretion in declining to extend international comity and abstain from ruling on the motion for attorney's fees. The district court properly decided only the collateral matter before it, leaving the New Zealand courts to determine the validity of Teece's claims and, potentially, the Agreement. Teece has not identified any conflict between the United States and New Zealand or Bahraini law that could serve to justify abstention. *Mujica v. AirScan Inc.*, 771 F.3d 580, 600-03 (9th Cir. 2014), *cert. denied*, 136 S. Ct. 690 (2015). Nor has Teece shown that the other factors relevant to an international comity analysis required the district court to invoke the international comity doctrine. *See id.* at 603-08.

5.  The district court found that half of the motion practice before it was directed at vindicating Kuwait Finance's rights under the Agreement and capped Kuwait Finance's award at 50 percent. This decision was neither clearly erroneous, nor an abuse of discretion.

Finally, we reject Kuwait Finance's contention that the attorney's fees incurred to preserve its rights under the Agreement were inexplicably intertwined

4

with its defense to Teece's lawsuit in general. The district court provided the requisite "concise but clear" explanation to justify its decision to award 50 percent of the attorney's fees requested. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Each party shall bear its own costs on appeal.

**AFFIRMED.**