Filed 5/11/23  Ghukassian v. Wolfberg CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| HOVIK GHUKASSIAN et al., | |
| Plaintiffs and Respondents, | E078304 |
| v. | (Super. Ct. No. CVPS2103176) |
| BRENT WOLFBERG et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson and Randolph Rogers, Judges.  Affirmed.

Inland Counties Legal Services, Iris I. Vasquez, Maria E. Castillo, Sang Banh, Darrell K. Moore and Anthony D. Lewis, for Defendants and Appellants.

Knauss Law Group and Joanne M. Knauss, for Plaintiffs and Respondents.

I.

INTRODUCTION

In July 2021, respondents Hovik and Mariet Ghukassian sued their tenants, appellants Brent Wolfberg and Barry E. Taff, for allegedly not paying almost $30,000 in rent and other costs during the COVID-19 pandemic.  Appellants demurred on the ground

1

that the lawsuit was prematurely filed under renter protection laws enacted during the pandemic, which did not allow the lawsuit to be filed until November 2021.  In October 2021, the trial court agreed, sustained appellants' demurrer, and dismissed the case without prejudice to refiling the complaint a few weeks later.  Appellants then sought attorney's fees and costs under their rental agreement's fee-shifting provision on the ground that they were the prevailing party in the action.  The trial court denied their request.  Because the trial court correctly found that appellants were not prevailing parties and thus not entitled to attorney's fees, we affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The Ghukassians sued appellants for breach of contract in July 2021.  The Ghukassians alleged that appellants leased a property from them for $2,700 per month in October 2019, but stopped paying rent in October 2020.  In February 2021, the Ghukassians filed a successful unlawful detainer action against appellants, which resulted in the possession of the rental property being restored to them.

The Ghukassians then filed this action for breach of contract in July 2021.  The Ghukassians alleged appellants violated the terms of their lease by failing to pay $29,522.84 in rent, utility bills, and attorney's fees associated with the unlawful detainer

---

[1] We assume the truth of the allegations in the Ghukassians' operative complaint. (See *Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 601.)

2

action. The Ghukassians thus sought, among other relief, $29,522.84 in damages from appellants for unpaid rent between October 2020 and June 2021.

Appellants demurred to the complaint, arguing that Code of Civil Procedure section 871.10, subdivision (c)[2] prevented the Ghukassians from suing for rent not paid during the COVID-19 pandemic until November 1, 2021. On October 8, 2021, the trial court agreed and found that the Ghukassians' complaint was "premature." The trial court therefore sustained appellants' demurrer and dismissed the case "without prejudice to re-filing on or after November 1, 2021."

About a month later, appellants moved for attorney's fees under Code of Civil Procedure section 1717 (section 1717) and their rental agreement, which states that "[i]n any action or proceeding arising out of this Agreement, the prevailing party . . . shall be entitled to reasonable attorney fee and costs . . . ." The trial court denied the motion because appellants "did not incur attorney's fees or costs to enforce the contract nor did [they] prevail on the contract." Appellants timely appealed.

---

[2] This provision provides in full: "An action to recover COVID-19 rental debt, as defined in [Code of Civil Procedure] Section 1179.02, that is subject to this section shall not be commenced before November 1, 2021." Code of Civil Procedure section 1179.02 in turn defines "COVID-19 rental debt" as "unpaid rent or any other unpaid financial obligation of a tenant under the tenancy that came due" between March 1, 2020 and September 30, 2021.

III.

DISCUSSION

Appellants contend the trial court erred because they are entitled to attorney's fees as the prevailing party. We disagree. Because we conclude the trial court properly found appellants were not the prevailing party and thus properly denied appellants' attorney fee request on that basis, we need not address the court's alternative finding that appellants did not incur any recoverable attorney's fees.

We first note appellants argue the trial court's ruling is subject to our "independent review" while the Ghukassians take no position on the appropriate standard of review. "Generally, a trial court's determination that a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion." (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) But when the determination of which party is the prevailing party is an issue of law based on undisputed facts, our review is de novo. (*Khan v. Shim* (2016) 7 Cal.App.5th 49, 55; *Burkhalter Kessler Clement & George LLP v. Hamilton* (2018) 19 Cal.App.5th 38, 43-44.) We need not resolve the issue because the trial court properly found appellants were not the prevailing party under section 1717 under any standard of review.

"[S]ection 1717, subdivision (b)(1), a prevailing party is defined as 'the party who recovered a greater relief in the action on the contract.'" (*City of West Hollywood v. Kihagi* (2017) 16 Cal.App.5th 739, 753 (*Kihagi*).) To be a prevailing party, the party generally must prevail on the merits of the dispute, even though a purely procedural

4

victory can make a party the prevailing party under section 1717. (See *DisputeSuite, LLC v. Scoreinc.com* (2017) 2 Cal.5th 968, 969.) But the statute still requires a dispositive victory, not just an interim one where further proceedings on the merits are contemplated. (*Kihagi*, *supra*, at p. 753.)

To support their argument that they were the prevailing party, appellants rely entirely on *Hsu v. Abarra* (1995) 9 Cal.4th 863, but that case does not apply here. There, the defendant prevailed on the plaintiffs' breach of contract action by proving there was no contract between the parties. (*Id*. at p. 865.) This "simple, unqualified decision" *on the merits* in the defendant's favor "on the only contract claim in the action" rendered the defendant "unquestionably the sole victor" *on the merits* and thus the prevailing party under section 1717. (*Id*. at pp. 865-866.)

That is not the case here. Appellants did not prevail on the merits of the Ghukassians' contract claim or procure a dispositive procedural victory that ended the case for good. They instead obtained only an interim dismissal of the Ghukassians' contract claim without prejudice to the refiling of the claim. The dismissal may have delayed the final resolution of the claim, but that is not enough to be a prevailing party under section 1717. (See *Kihagi*, *supra*, 16 Cal.App.5th at p. 754 ["[A] defendant might prevail within the meaning of . . . section 1717 by winning a purely procedural dismissal. If refiling would be legally barred . . . or would be otherwise impossible or impracticable, the defendant might be deemed the prevailing party without obtaining a resolution on the merits."].)

*Estate of Drummond* (2007) 149 Cal.App.4th 46, is illustrative here. In that case, appellants hired an attorney to assist them in a probate matter. (*Id*. at p. 48.) After the case settled, the appellants objected to the fee that the attorney charged, and claimed he had "duped them into hiring him on a contingency basis." (*Ibid*.) The attorney, on the other hand, argued the appellants owed him more money, and petitioned the probate court for an order adjudicating their fee dispute. (*Id*. at p. 49.) Before he filed that motion, the clients filed a separate civil action against him for various claims, including fraud and breach of faith. (*Ibid*.) The probate court eventually dismissed the attorney's petition because it had to be filed as a compulsory cross-complaint against the appellants in their civil action. (*Ibid*.; see Code Civ. Proc., § 426.30, subd. (a).) The probate court then denied the appellants' motion for attorney's fees. (*Estate of Drummond*, *supra*, at p. 49.)

The Court of Appeal held the appellants were not prevailing parties and thus were not entitled to attorney's fees. (*Estate of Drummond*, *supra*, 149 Cal.App.4th at p. 49.) The court reasoned that the appellants had "obtained only an interim victory" based only on the attorney's "pursu[ing] his claims in the wrong forum." (*Id*. at p. 51.) Litigation on the attorney's fee petition "ended solely because it should have been brought" elsewhere, and "[n]othing prohibited [him] from taking up his claims" in another forum. (*Id*. at p. 53.) The probate court's dismissal of his fee petition thus "did not defeat his contract claims," but "merely deflected or forestalled them." (*Ibid*.) As a result, the appellants had not prevailed on the merits of the parties' fee dispute. (*Ibid*.)

6

In dismissing the Ghukassians' sole contract claim without prejudice only because it was "premature," the trial court expressly stated that the Ghukassians could refile it about three weeks later.  As in *Estate of Drummond*, the dismissal was not dispositive and did not resolve the merits of the Ghukassians' contract claim, "but instead merely deflected or forestalled" it.  (*Kihagi*, *supra*, 16 Cal.App.5th at p. 754.)  Because the victor on the merits of the Ghukassians' contract action "is yet to be determined," the trial court properly found that appellants are not the prevailing party under section 1717.  (*Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961.)  For that reason alone, the trial court properly denied their motion for attorney's fees.

IV.

DISPOSITION

The trial court's order denying appellants' motion for attorney's fees is affirmed. The Ghukassians may recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

MILLER

Acting P. J.

SLOUGH

J.

7